716 So.2d 286 (1998)
June HOGAN, as Personal Representative of the Estate of Word Hogan, Deceased, Appellant,
v.
Phyllis Ann HOWARD, Appellee.
No. 97-00493.
District Court of Appeal of Florida, Second District.
July 8, 1998.
Rehearing Denied August 24, 1998.
William A. Post, Dunnellon, for Appellant.
Morris Silberman of Morris Silberman, P.A., and Andrew B. Sasso of Sasso & Bodolay, P.A., Clearwater, for Appellee.
ALTENBERND, Judge.
June Hogan, as personal representative of the estate of Word Hogan, appeals an order approving the claim of Phyllis Ann Howard, in the amount of $108,573.96, to satisfy a long overdue child support judgment. We reverse the order. After the estate objected to this claim, Ms. Howard filed an independent action, which was dismissed for failure to prosecute. When she refiled her claim several years later, it was untimely under sections 733.705 and 733.710, Florida Statutes (1989).
Word Hogan died on June 6, 1987, in Tucson, Arizona. In February 1989, his wife, June Hogan, filed a petition in Pinellas County to probate his estate. She was appointed personal representative. At that time, the estate had no assets, except stock in a corporation, A.A. Profiles, Inc. A.A. Profiles had a pending lawsuit against the city of Fort Lauderdale, and the value of the estate's interest in the corporation depended upon the outcome of that case.
Ms. Howard and Mr. Hogan divorced one another in the mid-1960s, at a time when *287 they had several minor children. Ms. Howard, who is an attorney, obtained a default judgment against Mr. Hogan in May 1987 for past due child support in the amount of $51,842.60. This amount included prejudgment interest. The calculations for the interest are attached as an exhibit to the judgment and establish that the interest was improperly compounded.
Ms. Howard filed a timely statement of claim on April 24, 1989, in the estate proceeding, seeking payment on this child support judgment. The personal representative objected to the claim on a timely basis, and Ms. Howard filed an independent action within thirty days in Pinellas County to enforce the claim pursuant to section 733.705(4), Florida Statutes (1989).
Perhaps because there were no assets in the estate in 1989 and the prospect of a successful outcome of the corporation's lawsuit was uncertain, Ms. Howard did not pursue her independent action. She allowed the action to be dismissed for failure to prosecute on March 22, 1991. She did not appeal or otherwise contest that dismissal.
More than five years later, the personal representative received proceeds from the corporation's lawsuit sufficient to pay Ms. Howard's claim. Upon learning that the estate had assets, Ms. Howard filed an adversary petition in 1996 to strike the 1989 objection. She argued that the objection had been a sham, and she had not needed to file an independent action to enforce her judgment. The estate responded with two arguments. First, it argued that the claim had been concluded when the independent action was dismissed and was now untimely. In the alternative, the estate argued that any claim should be based upon a correct calculation of legal interest.
The parties filed a stipulation of facts and memoranda of law. The probate court ruled that a claim on a judgment is treated differently than other claims because of language in section 733.706, Florida Statutes (1989). In light of that section, the probate court concluded that no objection could be raised to a claim based on a judgment. Accordingly, the probate court allowed the claim on the judgment. The probate court further concluded that the error in the calculation of interest in the 1987 judgment should have been challenged by Mr. Hogan within one year in the child support enforcement proceeding and could not be challenged by the personal representative in the probate proceeding. We reverse the first ruling, and thus do not reach the second.
The Florida Probate Code defines "claims" as "liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses. The term does not include expenses of administration or estate, inheritance, succession, or other death taxes." § 731.201(4), Fla. Stat. (1989). A judgment is a "liability" and nothing in the general definition of "claim" gives a judgment any special status.
Section 733.702(1), Florida Statutes (1989), provides that a claim or demand against an estate that arose before the death of the decedent is not binding on the estate unless filed within the relevant statutory period. This statute makes no exception for a claim based on a judgment. Section 733.710 provides that the estate is not liable for claims filed two years from the date of the decedent's death. Although section 733.710(3) states that the section does not affect "the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien," no similar protection is provided for a judgment lien.
Section 733.705(2) permits the personal representative to make a timely written objection to a claim, and section 733.705(4) then allows the claimant thirty days in which to file an independent action upon the claim. Nothing in these sections or in the implementing probate rules suggests that a personal representative cannot object to a claim based on a judgment or that such a claim is exempt from the requirement of a thirty-day independent action. See Fla. Prob. R. 5.490, 5.496.
Contrary to the probate court's ruling, we do not read section 733.706 to give judgments any special status as claims. Section 733.706 provides:

*288 Except upon approval by the court, no execution or other process shall issue on or be levied against property of the estate. An order approving execution or other process to be levied against property of the estate may be entered only in the estate administration proceeding. Claims on all judgments against a decedent shall be filed in the same manner as other claims against estates of decedents. This section shall not be construed to prevent the enforcement of mortgages, security interests, or liens encumbering specific property.
(Emphasis added.)
Under this statute, a judgment holder is not free to execute on estate property simply by virtue of the fact that she holds a judgment. The judgment holder must file a claim like any other claimant. Nothing in section 733.706 suggests that the personal representative cannot object to such a claim in the same manner that the personal representative objects to other claims.
The probate court's ruling was influenced by the law generally prohibiting a judgment debtor from challenging or relitigating the circumstances underlying a final judgment. See Klee v. Cola, 401 So.2d 871 (Fla. 4th DCA 1981). The court failed to consider the personal representative's need to object to the judgment itself. There are many legitimate reasons why a personal representative might reasonably choose to object to a claim based on a judgment. Cf. § 55.509, Fla. Stat. (1997) (allowing a judgment debtor to contest the validity of a foreign judgment under the Florida Enforcement of Foreign Judgments Act); Fla. R. Civ. P. 1.540. The judgment may not be a judgment against the decedent. The decedent may have fully or partially satisfied the judgment prior to death. The judgment may not be a genuine document. In this case, for example, the judgment contained a facial miscalculation of interest, which a personal representative could in good faith decide to challenge even if the challenge ultimately proved unsuccessful.
When the personal representative objected to Ms. Howard's claim, Ms. Howard was required to file (and did file) an independent action to resolve the dispute. When she allowed her lawsuit against the estate to be dismissed for failure to prosecute, that dismissal was not an adjudication on the merits, see Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973), but it concluded the legal proceeding on her initial claim against the estate. Her second claim was untimely and unauthorized. Accordingly, we must reverse the trial court's order.
Reversed and remanded.
FRANK, A.C.J., and FULMER, J., concur.