762 So.2d 595 (2000)
OPERADORA SERYNA, S.A. de C.V., etc., et al., Appellants,
v.
BANCO BILBAO VIZCAYA-MEXICO, S.A., etc., Appellee.
No. 5D99-3633.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
Alberto E. Lugo-Janer, of The Center for Professional Legal Services, Orlando, for Appellants.
Jerry R. Linscott, Robert W. Thielhelm, Jr., and Bonnie J. Jackson, of Baker & Hostetler, Orlando, for Appellee.
HARRIS, J.
Banco Bilbao filed this action in the Ninth Judicial Circuit based on a contract in which the parties thereto had submitted themselves "to the laws in force and the competent courts of the Federal District [of Mexico], waiving any other territorial jurisdiction that they may have." Operadora moved to dismiss on the basis of the mandatory forum selection clause. The trial court found the forum selection clause to be only permissive and denied the motion. We reverse.
Although courts seem reluctant to construe forum selection clauses as mandatory[1], it appears that if such construction cannot be avoided, mandatory forum selection agreements are within the power to contract protected by our constitution. See Manrique v. Fabbri, 493 So.2d 437 (Fla.1986). Here, we cannot avoid the construction that a provision by which the parties agree to a specific forum and, at *596 the same time, waive all other possible forums, is mandatory.
Banco Bilbao also urges that it has no other forum because the courts of the Federal District failed, when requested to do so, to "instruct the Judge of the Ninth Judicial Circuit Court in and for Orange County, Florida, U.S.A., to stop the hearings on this case." The Mexican court appears to have had before it an earlier agreement which selected Florida as the forum state for any dispute. In any event, we do not read the Mexican court's order as denying Banco Bilbao a forum in the event Florida does not proceed with the litigation.
REVERSED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] See Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273 (Fla.1987), and Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir.1974).