799 So.2d 320 (2001)
CONTRACTOR'S MANAGEMENT SYSTEMS OF NH, INC., a New Hampshire corporation, Appellant,
v.
ACREE AIR CONDITIONING, INC., a Florida corporation, Appellee.
No. 2D01-427.
District Court of Appeal of Florida, Second District.
October 10, 2001.
John S. Jaffer of Wilson, Johnson & Jaffer, P.A., Sarasota, for Appellant.
*321 Dock A. Blanchard of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Appellee.
NORTHCUTT, Acting Chief Judge.
Contractor's Management Systems disputes the circuit court's order rejecting its assertion that Acree Air Conditioning has sued it in an improper venue. It also complains that when the court granted CMS's motion for arbitration, it should have specified whether the arbitration is to be binding or nonbinding. We disagree with the first contention, but agree with the second.
Acree allegedly experienced difficulties with business software it purchased from CMS. It sued in Hillsborough County, charging that CMS had misrepresented its product and thus engaged in unfair and deceptive trade practices in violation of Florida's Little FTC Act, section 501.201, Florida Statutes (2000).
CMS moved to dismiss or stay under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and to dismiss for improper venue, pointing out that its software license agreement provided, in pertinent part, as follows:
Any lawsuit, litigation or arbitration concerning this Agreement shall be initiated within the jurisdiction of, and in accordance with the laws of, the State of New Hampshire....
* * *
Any dispute concerning this Agreement shall be resolved at the request of either party through binding arbitration.
We affirm on the venue issue because the forum selection clause in the license agreement does not apply to the claim that CMS violated the Little FTC Act. See Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 632 (Fla. 1st DCA 1999). That claim does not arise from the agreement, nor does it exist solely for the benefit of the parties to the agreement. Id. Otherwise, venue in Hillsborough County is proper. The cause of action accrued in Hillsborough County where CMS allegedly made the misrepresentations. See § 47.051, Fla. Stat. (2000); Ashemimry v. Ba Nafa, 778 So.2d 495, 497 (Fla. 5th DCA 2001).
We agree that the order staying the lawsuit and referring the matter for arbitration should have specified whether the arbitration is to be binding or nonbinding. On that question, we conclude that the arbitration must be nonbinding. As in the case of the forum selection clause, by its terms the arbitration clause in the license agreement applies only to disputes concerning that agreement. Therefore, it does not embrace Acree's claim under the Little FTC Act and could not support an order forcing Acree into binding arbitration of that claim. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (observing that a party may not be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate) (citing Seaboard Coast Line R.R. Co. v. Trailer Train Co., 690 F.2d 1343, 1352 (11th Cir.1982)).
Under section 44.103, Florida Statutes (2000), and Florida Rule of Civil Procedure 1.830, a court may refer any civil action to nonbinding arbitration on its own motion or that of a party. Neither party has contested the court's determination to do so in this case. Therefore, we affirm the order referring the parties to arbitration, with the proviso that the arbitration shall be nonbinding in accordance with rule 1.830.
Finally, CMS argues that Acree has failed to state a claim for unfair trade practices. We take no position on this *322 point because the circuit court's denial of a motion to dismiss for failure to state a cause of action is not an appealable nonfinal order. Panagakos v. Laufer, 779 So.2d 296 (Fla. 2d DCA 1999).
Affirmed, remanded with directions.
GREEN, J., and CAMPBELL, MONTEREY (Senior) Judge, Concur.