799 So.2d 410 (2001)
WORLD VACATION TRAVEL, S.A., de C.V., et al., Appellants,
v.
Mark BROOKER, et al., Appellees.
No. 3D01-451.
District Court of Appeal of Florida, Third District.
November 14, 2001.
*411 Feldman, Gale & Weber, and Sean N.R. Wells, Miami; and Curtis Mallet-Prevost Colt & Mosle, and Turner P. Smith, for appellants.
Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen, and Mark A. Romance, and Lyle E. Shapiro, and Gerald Richman, Miami, for appellees.
Before GERSTEN, SHEVIN, and RAMIREZ, JJ.

ON MOTIONS FOR REHEARING, REHEARING EN BANC, CLARIFICATION, AND/OR CERTIFICATION
PER CURIAM.
We grant appellees Mark Brooker's and Tami Brooker's motion for clarification only as to whether the forum selection clause applies to non-signatories to the subject time sharing agreement, and deny all other motions. This Court's opinion rendered June 13, 2001 is withdrawn and the following opinion is substituted in its place.
World Vacation Travel, et al., defendants below, appeal the denial of their motion to dismiss for improper venue in a breach of contract action filed by the Brookers. Because the forum selection clause at issue cannot be reasonably construed to be permissive in nature, we reverse.
World Vacation Travel and the Brookers entered into a time-sharing agreement on August 18, 1998. World Vacation Travel is a Mexican corporation that offers timesharing tourist services at various hotels in Cancun, Mexico. The Brookers, residents of British Colombia, Canada, are purchasers of a membership from World Vacation Travel. The time-sharing agreement contains a forum selection clause which states:
TWELFTH: JURISDICTION
In case of any controversy or dispute in the interpretation of this agreement, both parties agree and accept to be subjected to the jurisdiction and competence of the Administrative Authorities and Courts of the city of Cancun, Municipality of Benito Juarez, in the State of Quintana Roo, Mexico, and the Federal Consumer Office, forsaking any other jurisdiction which either party may claim by virtue of its residency.
The Brookers subsequently brought a multi-count complaint in state circuit court against a number of parties, including World Vacation Travel, alleging that they breached the terms of the time-sharing agreement. World Vacation Travel moved to dismiss the Brookers' complaint for improper venue. The trial court denied World Vacation Travel's motion, holding that the Brookers were not required to bring their claims before the Mexican authorities because the forum selection *412 clause contained in the time-sharing agreement was subject to two reasonable interpretations and thus, was permissive. The trial court also held, in the alternative, that enforcement of the forum selection clause as to any of the Brookers' claims would be violative of Florida public policy. We disagree with both grounds.
In Granados Quinones v. Swiss Bank Corp., S.A., 509 So.2d 273, 274 (Fla. 1987), the Supreme Court stated that mandatory clauses in contracts require that a particular forum be the exclusive jurisdiction for litigation concerning the contract. "A clause establishing ex ante the forum for dispute resolution has the salutory effect of dispelling any confusion about where suits arising from the contract must be brought and defended...." See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In this case, the language of the forum selection clause unequivocally specifies that any controversy or dispute that involves the contract is to be litigated in Mexico. To interpret the forum selection clause in any other way would require creative legerdemain and would frustrate its obvious intent.
Additionally, any clause which submits parties to the laws in force and the competent courts of a specific forum and simultaneously waives any other territorial jurisdiction can only be deemed mandatory. See Operadora Seryna, S.A. de C.V. v. Banco Bilbao Vizcaya-Mexico, 762 So.2d 595, 595-6 (Fla. 5th DCA 2000). In interpreting a contract,
All the various provisions of a contract must be so construed, if it can reasonably be done, as to give effect to each. Looking to the other provisions of a contract and to its general scope, if one construction would lead to an absurd conclusion, such interpretation must be abandoned and that adopted which will be more consistent with reason and probability.
See Paddock v. Bay Concrete Indus., Inc., 154 So.2d 313, 315-6 (Fla. 2d DCA 1963). The clause in this case also states that the parties expressly agree to forsake any other jurisdiction which they may claim by virtue of their residency. To interpret this portion of the clause in any way other than to remove the possibility of territorial jurisdiction on the basis of a party's residency, necessarily renders this portion utterly meaningless, frustrates the purpose of the former portion of the clause, and violates Florida's principle of contract interpretation.
It is also reasonable to conclude that the forum selection clause is mandatory based upon the commercial relationship of the parties. World Travel is located in Mexico, the time-sharing agreement was entered into in Mexico, and the time-sharing services to be provided under the agreement are to be rendered at hotels located in Mexico.
Furthermore, enforcement of the forum selection clause as to any of the Brookers' claims, including a claim under Florida's Antitrust Act and Florida's Unfair and Deceptive Trade Practices Act, is not violative of Florida public policy. In Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 632 (Fla. 1st DCA 1999), the First District held that the forum selection clause did not apply to an unfair trade claim because that claim was severable from the other claims that had been brought, and did not arise solely out of the contract at issue. In this case, however, the Brookers' claims are not severable from the time-sharing agreement, and the claims arise solely out of the agreement. It logically follows that the mandatory nature of the forum selection clause of the time-sharing agreement equally applies to the non-signatory defendants due to the fact that the claims arise *413 directly from the agreement, as well as due to the nature of the commercial relationship of the parties as it relates to the agreement itself.
Unlike the plaintiff in First Pac. Corp. v. Sociedade de Empreendimentos, 566 So.2d 3 (Fla. 3d DCA 1990) which alleged in its complaint that the forum selection clause in the agreement was part of the defendant's scheme to defraud, the Brookers do not claim that they were fraudulently induced to enter into the forum selection clause, nor that the clause was inserted into the agreement as part of a scheme to defraud them.
Additionally, there is "no public policy against the contracting parties designating the home state of one of two corporations as the forum for ensuing litigation." Maritime Ltd. P'ship v. Greenman Adver. Assocs., 455 So.2d 1121, 1123 (Fla. 4th DCA 1984).
For these reasons, the forum selection clause in this case can only be interpreted as mandatory and does not violate Florida public policy.
Reversed.