WALLACE, Judge.
The issue raised by this appeal is whether a creditor’s claim filed in an estate administration proceeding is barred after an independent action brought to enforce the claim pursuant to section 733.705(4), Florida Statutes (1999), is dismissed for lack of prosecution. In accordance with our prior decision in Hogan v. Howard, 716 So.2d 286 (Fla. 2d DCA 1998), we conclude that the dismissal of the independent action for lack of prosecution bars the claim in the estate administration proceedings. The circuit court so ruled, and with one exception, we affirm its order.
The Facts
The appellant, J & S Installation Specialist, Inc. (the Creditor), filed a claim for $6,352.73 plus interest in the proceedings pending in the Pinellas Circuit Court for the administration of the estate of Richard W. Mabry, deceased. The claim was timely filed pursuant to a court order granting an extension of time to file the claim. On April 17, 2001, the appellee, Cheryl D. Mabry, as personal representative of the estate of the decedent (the Personal Representative), served her objection to the claim on the Creditor. On May 17, 2001, within the thirty-day time limit imposed by section 733.705(4), the Creditor filed its independent action to enforce the claim in the Pinellas County Court.
On July 15, 2002, the county court dismissed the Creditor’s independent action for failure to prosecute. Two days later, on July 17, 2002, the Creditor filed a second action in the county court seeking enforcement of the identical claim. The Personal Representative filed a motion in the county court to dismiss the second action on the ground that the claim was time-barred. In an order that is not before us on this appeal, the county court denied the Personal Representative’s motion to dismiss the second action.
The county court’s order denying the motion to dismiss was a nonfinal order that was not subject to appeal in the circuit court. See Contractor’s Mgmt. Sys. of NH, Inc. v. Acree Air Conditioning, Inc., 799 So.2d 320, 321-22 (Fla. 2d DCA 2001); Am. States Ins. Co. v. Streightiff, 597 So.2d 919 (Fla. 4th DCA 1992); Knauf v. McBride, 564 So.2d 251, 253 (Fla. 1st DCA 1990). Insofar as the record reveals, the Personal Representative did not attempt to challenge the county court’s order in the circuit court by a petition for writ of cer-tiorari, petition for writ of prohibition, or otherwise. Instead, the Personal Representative filed a petition in the circuit court seeking the entry of an order determining that the Creditor’s claim was barred as a result of the dismissal of the first action in the county court for lack of prosecution.
After a hearing, the circuit court entered an order determining that the Creditor’s claim was barred. In paragraph 3 of the decretal portion of its order, the circuit court also ruled: “The Order denying the Motion to Dismiss, a copy of which is attached, in County Court, Pinellas County, Florida, Civil Division, Case No. 02-5417-CO-40, is hereby rescinded, and the County Court is directed to make further proceedings consistent with this opinion.” The circuit court’s order provided further that neither the decedent’s estate, the Personal Representative, nor the beneficiaries of the estate would be liable for the Creditor’s claim. From the circuit court’s order, the Creditor timely filed this appeal.
The Law
The 1999 version of section 733.705(4) provided:
*348 The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim, or a declaratory action to establish the validity and amount of an unmatured claim which is not yet due but which is certain to become due in the future, or a declaratory action to establish the validity of a contingent claim upon which no cause of action has accrued on the date of service of an objection and that may or may not become due in the future. For good cause, the court may extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice. No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is thereafter forever barred without any court order. If an objection is filed to the claim of any creditor and an action is brought by the creditor to establish his or her claim, a judgment establishing the claim shall give it no priority over claims of the same class to which it belongs.
Pursuant to the statute, if an objection is filed, the creditor has thirty days from the service of the objection to file an independent action to enforce the claim. In the absence of a court order extending the time to file the independent action, the claim is barred without court order if an independent action is not filed to enforce the claim within the thirty-day period.
Analysis
In this case, the Creditor timely filed the first independent action to enforce the claim. However, the dismissal of that action concluded the legal proceeding on the Creditor’s claim against the estate. See Hogan, 716 So.2d at 288. In effect, by permitting its claim to be dismissed for lack of prosecution, the Creditor abandoned its claim against the estate. Frank T. Pilotte & L. Kathleen Horton-Brown, Creditor’s Claims and Family Allowance, in Practice Under Florida Probate Code § 8.42 (The Florida Bar Continuing Legal Education, 3d ed., 2002). The Creditor’s attempt to salvage the derelict claim by filing a second independent action was untimely and unauthorized. See Hogan, 716 So.2d at 288. The filing of the second action did not “relate back” to the date of the filing of the first action. Thus the circuit court correctly ruled that the Creditor’s claim against the estate was barred.
The Creditor argues that the circuit court lacked jurisdiction to enter the order barring the claim because the Personal Representative did not take an appeal to the circuit court of the county court’s order denying the motion to dismiss the second independent action. We disagree. The circuit courts in Florida have exclusive original jurisdiction of “proceedings relating to the settlement of the estates of decedents and minors, the granting of letters testamentary, guardianship, involuntary hospitalization, the determination of incompetency, and other jurisdiction usually pertaining to courts of probate.” § 26.012(2)(b), Fla. Stat. (2002). Therefore, the circuit court had jurisdiction to determine whether the Creditor’s claim was barred. See Poncier v. State, Dep’t of Health & Rehabilitative Servs., 284 So.2d 463, 464 (Fla. 3d DCA 1973). The circuit court’s jurisdiction over the status of the Creditor’s claim in the estate proceeding was not dependent upon appellate review of the county court’s order.
Although the circuit court had jurisdiction to adjudicate the status of the Creditor’s claim in the estate administration proceedings, we agree with the Creditor that the circuit court had no jurisdiction to “rescind” the county court’s order *349 denying the Personal Representative’s motion to dismiss the second independent action or to direct the county court “to make further proceedings consistent with this opinion.” The county court’s order was not before the circuit court by way of appeal, petition for writ of certiorari, or otherwise. Therefore, the circuit court was without jurisdiction to “rescind” the county court’s order.
Relief
Accordingly, paragraph 3 of the decretal portion of the circuit court’s order shall be stricken on remand. In all other respects, the circuit court’s order is affirmed.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND, C.J., and CANADY, J., Concur.