858 So.2d 401 (2003)
SAI INSURANCE AGENCY, INC., a Florida corporation, d/b/a Southco, Insurance Services, Appellant,
v.
APPLIED SYSTEMS, INC., Appellee.
No. 1D03-102C.
District Court of Appeal of Florida, First District.
November 6, 2003.
Steven W. Bowden of Steven W. Bowden & Associates, P.A., Pensacola, for Appellant.
Thomas J. Gilliam, Jr. of Shell, Fleming, Davis & Menge, P.A., Pensacola, for Appellee.
KAHN, J.
May a trial court enforce a forum selection clause entered into between two parties to a contract when the effect of such clause is to require litigation of a claim brought under the Florida Deceptive and Unfair Trade Practices Act (DUTPA) in another state? In this case, the trial court enforced such a forum selection clause and dismissed the Florida action based upon the parties' agreement that Illinois would be the proper venue for any action. We affirm.
Appellant SAI Insurance Agency, Inc. (SAI) operates its commercial insurance business out of a principal office located in Crestview, Okaloosa County, Florida. Appellee Applied Systems, Inc. (Applied) does business in Florida, and maintains its principal office in Illinois. Applied offers software systems that it represents are useful for support services in companies such as SAI. In this case, SAI bought from Applied a software system for the purpose of calculating and tracking insurance premiums. Dissatisfied with the operation of the system, SAI filed a one-count suit in the circuit court for Okaloosa County, alleging *402 violations of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes. In reliance upon a clause in the Agreement for Purchase and Sale entered into between SAI and Applied, and attached to SAI's DUTPA complaint, Applied moved to dismiss the action on the ground of improper venue. The language relied upon by Applied appears in paragraph 12 of the Agreement for Purchase and Sale:
This Agreement is accepted at Applied Systems' home office and shall be governed by, and interpreted in accordance with, the laws of the State of Illinois. The parties consent to the sole and exclusive jurisdiction and venue of the state and federal courts of the State of Illinois for any action or claim between the parties.
As noted, the sole claim brought by SAI is based upon DUTPA. The sole remedy claimed by SAI is money damages, including costs, attorneys' fees, and interest.
SAI argues that Florida's public policy requires that any action brought under the Florida DUTPA be heard in a Florida court. According to SAI's argument, the right of a Florida citizen to litigate such a claim in a Florida court cannot be abrogated by a forum selection clause in a contract. In support of its argument, SAI relies upon Management Computer Controls, Inc. v. Charles Perry Construction, Inc., 743 So.2d 627 (Fla. 1st DCA 1999). SAI characterizes Management Computer as holding that mandatory venue clauses in contracts cannot be used as a defense to claims under DUTPA, because an unfair trade claim is an independent statutory action that does not arise out of the contract between the parties, nor does it exist solely for the benefit of the parties to the contract.
Applied responds that SAI's position would create a per se rule against the enforcement of forum selection clauses with respect to DUTPA claims. Applied also argues that Florida DUTPA claims may be litigated before, and interpreted by, courts outside the state of Florida. Finally, Applied points to the contract, and argues that the forum selection clause, which appellant has not sought to invalidate, applies to any action or claim between these parties and not just those arising from the Agreement.
In Management Computer, the plaintiff, Charles Perry, entered two contracts with Management Computer Controls to buy software for use in its Alachua County business. Management Computer was a Tennessee corporation. The contract contained the following governing law/venue provision:
1. GOVERNING LAW. Agreement is to be interpreted and construed according to the laws of the State of Tennessee. Any action, either by you or MC 2, arising out of this Agreement shall be initiated and prosecuted in the Court of Shelby County, Tennessee, and nowhere else; both you and MC 2 do hereby waive the right to change venue.
Mgmt. Computer, 743 So.2d at 629. Perry filed suit in Alachua County seeking damages in four counts: breach of contract, negligent misrepresentation, breach of implied warranty of fitness, and violation of the Florida DUTPA. Id. at 629-30. Relying upon the venue and choice of law provision in the contract, Management Computer moved to dismiss, claiming the action would be proper only in Shelby County, Tennessee. This court reviewed the question, which it characterized as "interpreting a contract," under the de novo standard of review. Id. at 630. Analyzing the question, this court stated, "[w]hether a venue clause is binding on the parties depends on its language." Id. at 631. As to the first three claims, this court concluded *403 that each arose out of the contract, and thus would be governed by the parties' agreement concerning venue. Id. at 632. Turning to the DUTPA claim, however, this court concluded that it did not arise out of the contract and use of the venue clause as a defense to the statutory claim in that case would undermine the effectiveness of the statute. Id. at 632-33.
Applied does not dispute the correctness of Management Computer, but argues that the case does not establish, as a matter of Florida public policy, that a venue clause in a contract may never be enforced in the face of a claim under DUTPA. According to Applied, the Third District has recognized as much by its decision in World Vacation Travel, S.A., de C.V. v. Brooker, 799 So.2d 410 (Fla. 3d DCA 2001). The Brooker court found that enforcement of a forum selection clause in a contract for purchase of timeshare services in Mexico did not violate Florida's public policy. Id. at 412. The forum selection clause in Brooker applied to "any controversy or dispute in the interpretation of this agreement...." Id. at 411. The Third District reversed a circuit court finding that "enforcement of the forum selection clause as to any of the Brookers' claims would be violative of Florida public policy." Id. at 412. The Third District distinguished Management Computer because in that case the court concluded that the unfair trade claim "was severable from the other claims that had been brought, and did not arise solely out of the contract...." Id.
Applied also points out that the Florida Legislature has, in the case of certain contracts involving improvement of real property, declared that forum selection clauses are void as a matter of public policy. See § 47.025, Fla. Stat. (1999). Applied reasons that because the Legislature has not declared such forum selection clauses void in DUTPA claims, a court should not create a per se rule.
We cannot avoid noting, as the trial court undoubtedly did, that the forum selection clause in the present case is broader than the clause involved in Management Computer. We have been directed to no case law to support the proposition that the mere presence of a claim of statutory fraud in a complaint will suffice to invalidate an otherwise valid forum selection clause. Of note here, SAI has not, in its complaint, sought to abrogate the contract, but merely sought to recover damages. "When a party seeks to void a forum selection clause on the basis of fraud, it must be demonstrated that the clause itself is the product of fraud.... Absent proof that the forum selection clause is the product of fraud the parties should litigate all claims, including fraud claims, in the agreed on forum." Holder v. Burger King Corp., 576 So.2d 973, 974 (Fla. 2d DCA 1991). Here, SAI does not directly complain that the forum clause itself was secured by fraud, nor does it seek to avoid the clause, other than by arguing that the type of statutory claim involved here is never subject to a forum selection clause. We find this claim unsupported in Florida law.
As Applied points out, the choice of law provision in the agreement provides only that the agreement shall be governed by and interpreted in accordance with the laws of Illinois. Applied makes no claim that the substantive law of Illinois will govern all disputes between the parties. Instead, Applied readily notes that the Florida statutory claim may well be governed by Florida law despite the forum. See, e.g., Petitt v. Celebrity Cruises, Inc., 153 F.Supp.2d 240 (S.D.N.Y.2001); Golden Needles Knitting & Glove Co. v. Dynamic Mktg. Enters., 766 F.Supp. 421 (W.D.N.C. 1991).
*404 We do not accept appellant's argument that under Management Computer, Florida observes a per se rule against enforcing a forum selection clause as to a DUTPA claim. In Management Computer, the clause in question clearly was limited to claims "arising out of this agreement...." 743 So.2d at 629. Similarly, in Contractor's Management Systems of NH, Inc. v. Acree Air Conditioning, Inc., another case strongly relied upon by SAI, the clause, by its terms applied "only to disputes concerning the agreement." 799 So.2d 320, 321 (Fla. 2d DCA 2001). In Management Computer, this court carefully chose language to indicate that it was construing a contractual provision. This is demonstrated by the court's application of the de novo standard of review and by the court's acknowledgment that the binding effect of a venue clause "depends on its language." Mgmt. Computer, 743 So.2d at 630-31.
Without dispute, the present choice of law and venue clause is far broader than that involved in the cases SAI relies upon. The parties here agreed to the Illinois forum "for any action or claim between the parties." Although perhaps SAI could have sought to invalidate the entire agreement through its lawsuit, it has not chosen to do so. Instead, SAI essentially brought an action for damages under the Florida statute. We decline to construct a rule of public policy that would completely abrogate language selected by the parties to a contract, particularly in an action where neither of the parties has sought to avoid the language of the contract.
AFFIRMED.
WEBSTER and POLSTON, JJ., concur.