987 So.2d 123 (2008)
Richard GOLDSTEIN and Jeffrey E. Levey, as Co-Personal Representatives of the Estate of A. Glenn Braswell, deceased, Appellants,
v.
Renee BRASWELL, Appellee.
No. 3D06-3058.
District Court of Appeal of Florida, Third District.
July 9, 2008.
Holland & Knight and Christopher N. Bellows and Rebecca M. Plasencia, Miami, for appellants.
Shook, Hardy & Bacon and Humberto H. Ocariz, Rebecca A. Ocariz and Daniel B. Rogers, Miami, for appellee.
Before RAMIREZ and SALTER, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
As we and the parties agree, that portion of the order in proceedings supplementary *124 below which subjected A. Glenn Braswell's ownership of all the shares of While Away, Ltd., a corporation which owns a boat and a slip, to judgments secured by his ex-wife[1] against him, pursuant to a March 2000 marital settlement agreement between the parties, see Braswell v. Braswell, 881 So.2d 1193 (Fla. 3d DCA 2004), must be affirmed.
Because, however, Braswell died during the course of the proceedings, the trial judge erred in ordering execution against the shares to proceed immediately. In these circumstances, the property of a decedent is properly subject to distribution only in his estate as directed by the probate court. See § 733.706, Fla. Stat. (2006); May v. Ill. Nat'l Ins. Co., 771 So.2d 1143 (Fla.2000); Castro v. E. Pass Enters., Inc., 881 So.2d 699, 701 (Fla. 1st DCA 2004); Hogan v. Howard, 716 So.2d 286, 287-88 (Fla. 2d DCA 1998); In re Estate of Lunga, 360 So.2d 109, 111 (Fla. 3d DCA 1978), cert. denied, 366 So.2d 882, 883 (Fla.1978). Accordingly, although the "While Away" aspect of the order under review is affirmed, the order directing execution is vacated with directions that the claims of Mrs. Braswell on her judgments against the assets of Mr. Braswell, including his interest in the corporation, be administered in his estate.
Affirmed in part, vacated in part, and remanded.
NOTES
[1] This is at least the twentieth appellate chapter of the Tolstoyan saga which began with Braswell v. Braswell, 763 So.2d 331 (Fla. 3d DCA 2000) (table). Only just now, the end may be in distant sight.