ROTHENBERG, J.
 

 The plaintiff, General Impact Glass & Windows Corp. (“General Impact”), appeals from a non-final order granting the defendant’s, Rollac Shutter of Texas, Inc. (“Rollac”), motion to compel arbitration. We reverse.
 

 General Impact is a Florida corporation that purchases and installs hurricane shutters. Rollac distributes hurricane shutter components from Texas. In the past, General Impact obtained shutters through Raul Barandiaran (“the sales representative”), who worked for a Miami company. In 2005, the sales representative was hired by Rollac, and convinced General Impact to continue doing business through his new company, Rollac.
 

 To make a purchase, General Impact would contact the sales representative and orally inform him of General Impact’s needs. The parties conducted their business primarily in Spanish. The sales representative, who was familiar with General Impact’s needs and Rollac’s products, would draw up an order form memorializing the order, and fax it to General Impact. Approximately thirty days later, General Impact would receive an invoice. It is undisputed that the faxed order forms and the mailed invoices do not contain an agreement to arbitrate.
 

 Throughout the course of the parties’ dealings, a separate document, Rollac’s terms and conditions, was available on Rol-lac’s website and in the Rollac catalog. The terms and conditions provide for dispute resolution in arbitration, and a Texas choice of law. General Impact contends that it never received a catalog, while Rol-lac avers that a catalog was provided in 2005. However, there is no question that General Impact never placed any orders through Rollac’s website, and never used any order forms contained within the Rol-lac catalog. It is also undisputed that the faxed order forms and the mailed invoices do not refer to, or otherwise incorporate, either the catalog or the terms and conditions detailed in the catalog.
 

 Arguing that it received non-conforming products, General Impact sued Rollac in Miami for breach of contract and breach of the implied warranty of merchantability.
 
 *1167
 
 Rollac commenced an arbitration proceeding in Texas which was stayed pending the outcome of this case. After a hearing, the trial court granted Rollac’s motion to compel arbitration, finding that the Rollac catalog, along with the terms and conditions, was part of an existing, written agreement to arbitrate which was accepted when General Impact took delivery. This appeal followed.
 

 In Florida, a trial court must consider three elements before ruling on a motion to compel arbitration: (1) whether a valid -written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999). In this case, the determinative question is whether the trial court properly determined that there existed a valid written agreement to arbitrate. The issue of the existence of a valid written agreement to arbitrate is a question of law,
 
 Affinity Internet, Inc. v. Consol. Credit Counseling Servs., Inc.,
 
 920 So.2d 1286, 1289 (Fla. 4th DCA 2006), subject to de novo review.
 
 Auchter v. Zagloul,
 
 949 So.2d 1189, 1191 (Fla. 1st DCA 2007).
 

 Our review of the instant case reflects that the decision below — finding that there existed a valid written agreement to arbitrate — cannot stand. The documents exchanged between the parties during the course of their dealings are devoid of any expression of an intent to resolve future disputes in arbitration. The terms and conditions, which Rollac urges this Court to consider as a part of the contract, were never signed by General Impact, and were never expressly incorporated into or attached to any of the documents that formed the contract between the parties. The provision relating to alternative dispute resolution on Rollac’s website and in the Rollac catalog was part of a separate collateral document. Because that separate document was not incorporated into the writings exchanged between the parties, General Impact is not bound by it.
 
 See Affinity Internet,
 
 920 So.2d at 1288 (holding that the doctrine of incorporation by reference requires the expression of an intent to be bound by a collateral document).
 

 It is clear that the trial court erred in finding that a valid written agreement to arbitrate existed between General Impact and Rollac. Rollac failed to present any evidence to the trial court showing that General Impact intended to waive its right to a trial by jury and submit any disputes with Rollac to arbitration.
 
 See Seifert,
 
 750 So.2d at 636 (“[N]o party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate.”). Thus, as a matter of law, no valid written agreement to arbitrate exists between the parties, and General Impact’s lawsuit must go forward in the trial court. The order granting Rollac’s motion to compel arbitration is reversed, and we remand for further proceedings consistent with this opinion.
 

 Reversed.