# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1840
Lower Tribunal No. 14-26376
_____


**Jose Manuel Reyes,**
Appellant,

vs.

**Claria Life & Health Insurance Co., et al.,**
Appellees.


An Appeal from non-final orders from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Burstein & Associates and Bernardo Burstein, for appellant.

Cole Scott & Kissane and Scott A. Cole and Alexandra Valdes, for appellees.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

## INTRODUCTION

Jose Manuel Reyes, the plaintiff below, appeals from a final order compelling arbitration and dismissing the complaint. The trial court found that the arbitration and forum selection clauses of the parties' contract were valid and enforceable, and entered an order (i) dismissing the complaint upon its conclusion that any further litigation of the matter must take place in Delaware, and (ii) compelling arbitration in Delaware.

We affirm that portion of the trial court's order which concluded that the forum selection clause validly established Delaware as the exclusive jurisdiction for determination of any legal right under the certificate of insurance. However, we reverse that portion of the order compelling arbitration and hold that the trial court should not have determined the merits of the arbitration issue. Having properly made the determination that this dispute must be pursued in Delaware pursuant to the terms of the parties' agreement, any order compelling arbitration under that agreement must be rendered in Delaware as well.

## FACTS

Jose Manuel Reyes, a Guatemalan resident, received medical treatment at Jackson Memorial Hospital. Reyes held a certificate of international health insurance (the "Certificate") with Claria Life and Health Insurance Company

2

("Claria"), a Delaware-based insurance company specializing in providing international health insurance policies exclusively to individuals residing outside of the United States. Reyes' Certificate provided coverage for treatment at a number of hospitals across the United States, including Jackson Memorial Hospital.

Utilizing the coverage afforded by the Certificate, Reyes underwent a multi-organ transplant at Jackson Memorial Hospital. Following surgery, Reyes filed suit against Claria, Global Assurance Group, Inc. and Dr. Arturo Guerra (collectively with Claria "the Defendants") asserting various causes of action, including insurance fraud, fraud in the inducement, breach of the Certificate including the covenant of good faith and fair dealing, breach of the managed care agreements between Jackson Memorial Hospital and Claria (which Reyes asserts as the third party beneficiary to that agreement, alleging Defendants failed to pay Jackson for Reyes' benefit), and fraudulent conveyance.

In response to the suit, the Defendants filed a motion to dismiss the action for improper venue, as well as a motion to compel arbitration, both of which were based upon Section 6.5 of the Certificate, entitled "Arbitration, Legal Actions and Jury Waiver." That section provides in pertinent part:

> **Any and all disputes, claims, controversies, arising out of or relating to this Certificate, or its alleged breach that were not resolved by a claim appeal must be submitted to arbitration in the state of Delaware.** The insured and the company will submit their dispute to three (3) arbiters. Each party will chose [sic] one arbiter and the third arbiter will be chose by the two arbiters chosen by the

3

parties. Either party can initiate arbitration by written notice to the other party naming an arbiter and demanding arbitration. The other party shall have thirty (30) days once such notice is received to name its arbiter. The two chosen arbiters will choose within fifteen (15) days the third arbiter with arbitration taking place within fifteen (15) days. If either party fails to name a second arbiter within the thirty (30) days from when notice is served then the party who fails to choose the arbiter agrees that the other party will choose the second arbiter and the arbitration will move forward as above. Arbitration will take place in the State of Delaware unless both parties agree to another location. The expense of arbitration shall be shared equally between the insured and the company.

**The insured and the Company agree to exclusive jurisdiction in the State of Delaware for determination of any legal right under this Certificate.** The insured and Company both agree to trial by a judge and not a jury in any legal action arising directly or indirectly from this Certificate. The insured and the Company agree that each party will pay their own legal and attorney costs.

(Emphases added.)

After holding a hearing on the motions, the court entered an order compelling arbitration "in accordance with the parties' agreement[,]" and dismissing the action because the trial court "lack[ed] jurisdiction to resolve any matters relating to the dispute [as] the proper venue is in Delaware." This timely appeal followed.[1]

---

[1]During the initial stages of this appeal, Reyes contended that the trial court's order did not apply to all of the Defendants collectively, but rather applied only to Claria. This Court relinquished jurisdiction to allow Defendants to obtain an amended order from the trial court, which clarified that all Defendants were collectively included as the subject of order on appeal.

We review *de novo* the interpretation of a contractual forum selection clause. Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592 (Fla. 3d DCA 2013). We likewise review *de novo* an order granting or denying a motion to compel arbitration. Roth v. Cohen, 941 So. 2d 496 (Fla. 3d DCA 2006).

**ANALYSIS**

**1. The Forum Selection Clause**

"[F]orum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." Manrique v. Fabbri, 493 So. 2d 437, 440 (Fla. 1986). "Parties have the right to control their litigation destinies by bargaining for the ability to litigate in a specific forum." Am. Online, Inc. v. Booker, 781 So. 2d 423, 424 (Fla. 3d DCA 2001). Here, as set forth above, the Certificate contains an express, mandatory forum selection clause:

> The insured and the Company agree to exclusive jurisdiction in the State of Delaware for determination of any legal right under this Certificate. The insured and Company both agree to trial by a judge and not a jury in any legal action arising directly or indirectly from this Certificate.

(Emphasis added.)

The scope of the foregoing clause is broad. In utilizing the phrase "any legal right" under the Certificate, the clause assuredly covers Reyes' claims against the Defendants. All of Reyes' claims have an obvious nexus to the Certificate, mandating enforcement of the parties' agreement that the State of Delaware serve

5

as the exclusive jurisdiction "for determination of any legal right under the Certificate." This forum selection clause is "presumptively valid." Corsec, S.L. v. VMC Int'l Franchising, LLC, 909 So. 2d 945, 947 (Fla. 3d DCA 2005). In order to avoid enforcement of this presumptively valid clause, Reyes is required to show that the clause is unjust or unreasonable, though "the test of unreasonableness is not mere inconvenience or additional expense." Manrique, 493 So. 2d 437 at n.4. Reyes did not contend below, or here on appeal, that the mandatory forum selection clause is unjust or unreasonable. Instead, Reyes contends that the forum selection clause, when considered with the arbitration clause, is ambiguous and contradictory, such that the two clauses negate one another. We find this argument unpersuasive.

There is nothing ambiguous about the forum selection clause, either standing alone or considered with the arbitration clause. The clause plainly expresses the parties' intent to make Delaware the exclusive jurisdiction for the determination of any legal right under the Certificate. Simply put, the clause says what it means and means what it says. Further, the fact that the Certificate contains both an arbitration clause and a clause stating that the parties "agree to trial by a judge and not a jury in any legal action arising" does not render it contradictory or ambiguous, as Reyes contends. There are certainly circumstances where, despite the existence of an arbitration clause in a contract, a court may be called upon to

6

determine, for example, whether there exists a valid agreement to arbitrate, and whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So. 2d 633 (Fla. 1999); Gen. Impact Glass & Windows Corp. v. Rollac Shutter of Texas, Inc., 8 So. 3d 1165 (Fla. 3d DCA 2009). Thus, the forum selection clause, standing alone or in combination with the arbitration clause, is not contradictory or ambiguous. We find no merit in the other arguments raised by Reyes.[2]

The trial court properly determined that there was a valid and enforceable forum selection clause which provided for mandatory and exclusive jurisdiction in Delaware and that, in light of the parties' agreement to such a forum, this action could not be maintained in the court below. On this basis, the court properly granted the Defendants' motion to dismiss.

## 2. The Order Compelling Arbitration

---

[2] Reyes also raises an issue regarding the applicability of the Florida Insurance Code generally, and section 624.155, Florida Statutes (2014), particularly. This argument, however, was made with regard to enforcement of the arbitration clause, the merits of which we do not reach. We also reject Reyes' claim that the forum selection clause should apply only to Claria, and not to Global or Guerra. The mandatory nature of a forum selection clause "equally applies to the non-signatory defendants due to the fact that the claims arise directly from the agreement, as well as due to the nature of the commercial relationship of the parties as it relates to the agreement itself." World Vacation Travel, S.A., de C.V. v. Brooker, 799 So. 2d 410, 412-13 (Fla. 3d DCA 2001).

Having determined that Delaware is the proper and exclusive forum for this dispute, the trial court nevertheless addressed the merits of Defendants' motion to compel arbitration. In its order, the trial court concluded:

> ORDERED AND ADJUDGED that the Defendant's Motion to Compel Arbitration and to Dismiss for Lack of Jurisdiction is granted. As to the Motion to compel, Arbitration of Plaintiff's claims are compelled in accordance with the parties' agreement which clearly and unambiguously states that any and all disputes arising out of or relating to the agreement, or any disputes as to the alleged breach of the agreement shall be arbitrated in the State of Delaware.[] Because the parties' agreement clearly provides that any and all disputes shall be litigated in the state of Delaware, this Court finds that it also lacks jurisdiction to resolve any matters relating to the dispute and proper venue is in Delaware.

Appellees properly conceded that the trial court erred in reaching the merits of the arbitration issue. Once the trial court properly determined there was a valid and enforceable forum selection clause which provided for mandatory and exclusive jurisdiction in Delaware (and that the action could not be brought in Florida), the trial court erred in contemporaneously compelling arbitration. Instead, the court simply should have dismissed the action, leaving any issues regarding arbitration to be addressed in the agreed-upon forum of Delaware. See Taurus Stornoway Inv., LLC v. Kerley, 38 So. 3d 840 (Fla. 1st DCA 2010)(dismissing case after determining that a forum selection clause calling for all disputes to be resolved by Massachusetts courts was valid and enforceable).

**CONCLUSION**

We affirm that portion of the trial court's order dismissing the action based upon the valid and enforceable mandatory forum selection clause. We reverse that portion of the trial court's order addressing and compelling arbitration.

Affirmed in part, reversed in part, and remanded.