# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-0865, 3D25-0869
Lower Tribunal No. 23-20769-CA-01

_____

## Dorilton Capital Management LLC,

Appellant/Petitioner,

vs.

## Claudia Schwarz,

Appelle/Respondent.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Cozen O'Connor, and Ralf R. Rodriguez; Mayer Brown LLP, Gabrielle Levin, Rory K. Schneider (New York, NY), and Minh Nguyen-Dang (Washington, DC), for appellant/petitioner.

Downs Law Group, P.A., and Jeremy Friedman, for appellee/respondent.

Before LOGUE, GORDO and BOKOR, JJ.

BOKOR, J.

In these consolidated cases, Dorilton Capital Management, LLC appeals a nonfinal order denying its motion to dismiss based on a forum selection clause and petitions for certiorari review of an order denying its motion to dismiss or stay based on principles of comity.[1] In the interlocutory appeal, Dorilton argues that a New York forum selection clause in an applicable contract mandates dismissal of the relevant claims. In the petition, Dorilton argues that principles of comity compel staying the action pending the resolution of the first-filed New York state case involving the same operative facts. Because we find the forum selection clause applicable, we reverse and remand for dismissal of the claims and dismiss the petition as moot.

## BACKGROUND

These cases arise against the backdrop of a New York lawsuit and a later-filed Florida lawsuit (the action below) involving Dorilton and Claudia Schwarz. Initially, Dorilton retained Schwarz, through her Florida-based marketing agency, Stilus, LLC, to provide services for the Williams Formula One Racing Team, a Dorilton affiliate. A few years later, the relationship soured. By mid-2023, Dorilton and Schwarz had filed competing lawsuits in

---

[1] We previously consolidated the petition and interlocutory appeal (3D25-0865 and 3D25-0869, respectively) "for the purposes of traveling together." We issue this opinion resolving both matters.

2

Bermuda, New York, and Florida. In the first-filed action, Dorilton sued Schwarz in New York state court, alleging breach of contract, fraud, and unjust enrichment. One month later, Schwarz filed the Florida defamation lawsuit at issue here, asserting slander per se and slander per quod claims. The claims center around statements allegedly made by Dorilton board members to third parties that were then published by Business F1 Magazine. The statements, as published, implied that Schwarz's professional role was the result of an improper relationship with Dorilton's former CEO.

The trial court denied Dorilton's motion to dismiss or stay the Florida action, which prompted an interlocutory appeal and a petition for certiorari before this court. This court consolidated the interlocutory appeal and petition. See Williams IP Holdings, LLC v. Schwarz, 394 So. 3d 199 (Fla. 3d DCA 2024). In Williams, this court reversed the trial court's denial of a motion to dismiss against Williams IP Holdings based on the same New York forum selection clause at issue here. Id. at 204. That decision also mooted Dorilton's prior petition for certiorari. Id. But it also "remand[ed] to the trial court to adjudicate, in the first instance, Appellants' [Williams IP Holdings and Dorilton's] motion directed toward the remaining defamation claims." Id. at 201. Relevant to the instant appeal, we held that the public relations agreement containing the New York forum selection clause was the

3

"governing document" that "provides the ground rules of the relationship between the parties." Id. at 203. Further, its forum selection was mandatory and "the parties' contractual disputes are required to be litigated in New York." Id. at 204.

On remand, Schwarz amended the complaint to drop the contract claims, and add certain parties and drop others, leaving only two counts of slander against Dorilton. Dorilton again moved to dismiss or stay the slander claims under both the forum selection clause and comity principles.[2] After permitting limited discovery, the trial court denied Dorilton's motion to dismiss or stay on grounds of comity, concluding the parties and issues were insufficiently similar. This petition and appeal followed.

## ANALYSIS

A trial court's order on a motion to dismiss presents a pure question of law to be reviewed de novo. See, e.g., Global Com. Roofing, LLC v. iCrete, LLC, 410 So. 3d 735, 737 (Fla. 3d DCA 2025). Interpretation of contracts is also a question of law which we review de novo. Id.

The relevant forum selection clause provides that "[e]ach party hereby irrevocably agrees to submit to the exclusive jurisdiction of the Courts of New

---

[2] We focus on the facts relevant to this petition. A more detailed background can be found in this court's prior opinion. See Williams, 394 So. 3d at 201–02.

4

York, NY, over any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement." This clause is contained within a public relations agreement between Williams IP Holdings and Schwarz's company, Stilus, LLC. The parties do not dispute that this clause is mandatory. But Schwarz argues that it does not apply or cannot be enforced. This is so, Schwarz argues, because the slander claims in the amended complaint are asserted solely against Dorilton (the owner of Williams IP Holdings) by Schwarz (the owner of Stilus, LLC) individually, and the agreement cannot be enforced by nonparties. This is incorrect.

We previously addressed the applicability of this same public relations agreement to Dorilton and Schwarz in the context of the contract claims. The agreement "provides the ground rules of the relationship between the parties" and that the other subsidiary agreements providing operational details of the services to be provided—even those with more permissive forum selection clauses—were "subsumed" into the public relations agreement through an integration clause. Williams, 394 So. 3d at 203. Importantly, Williams held that the forum selection clause in the public relations agreement applied to all parties to that appeal—including Dorilton and Schwarz—and that "the parties' contractual disputes are required to be litigated in New York." Id. at 204. "Under the law of the case doctrine, a trial

5

court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 106 (Fla. 2001) (noting also that "the law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision"). Although the claims are different, the underlying legal principle is the same. The trial court erred by concluding that the forum selection clause did not apply to these claims.

Independent of the law of the case doctrine, we come to the same conclusion. The slander claims in the amended complaint arise in connection with the parties' professional relationship established by the public relations agreement. And the agreement contains broad language covering the claims at issue, including "any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement." This court has explained that a forum selection clause in a banking agreement "equally applies to the non-signatory defendants due to the fact that the claims arise directly from the agreement, as well as due to the nature of the commercial relationship of the parties as it relates to the agreement itself." Reyes v. Claria Life & Health Ins. Co., 190 So. 3d 154, 158 n.2 (Fla. 3d DCA 2016) (quoting World Vacation Travel, S.A., de C.V. v. Brooker, 799

6

So. 2d 410, 412–13 (Fla. 3d DCA 2001)); see also Integrated Health Servs. at Cent. Fla., Inc. v. Est. of DeSantis ex rel. DeSantis, 407 So. 3d 547, 551 (Fla. 2d DCA 2025) (explaining the applicability of a broadly-worded arbitration provision to tort claims of a non-signatory); EcoVirux, LLC v. BioPledge, LLC, 357 So. 3d 182, 187 (Fla. 3d DCA 2022) (holding that "the non-signatories to the agreement . . . are equally entitled to enforce the forum selection provision" where "the claims stem directly from the contract and the commercial relationship of the parties relates to the agreement itself"). Here, the forum selection clause contains broad language. Because the slander claims arose in the context of the parties' business dealings established through their contractual arrangement, the forum selection provision applies. The claims should have been brought in New York.

## CONCLUSION

We therefore reverse and remand with instructions that the complaint against Dorilton to be dismissed. The related petition for certiorari is dismissed as moot.[3]

---

[3] Because we dismiss the petition as moot, we take no position on the merits. We note, however, that comity dictates that a court will not "determine a controversy" over which another court "has previously obtained jurisdiction." Wade v. Clower, 114 So. 548, 551 (Fla. 1927). Comity applies, and the later-filed case should be stayed or dismissed, when two cases involve "substantially similar parties and substantially similar issues," centered on a "single set of facts such that resolution of the one case will resolve many of

7

Reversed and remanded; petition dismissed.

---

the issues involved in the subsequently filed case." <u>Roche v. Cyrulnik</u>, 337 So. 3d 86, 88 (Fla. 3d DCA 2021) (quotation modified); <u>see also</u> <u>Sorena v. Gerald J. Tobin, P.A.</u>, 47 So. 3d 875, 877–78 (Fla. 3d DCA 2010).