PER CURIAM.
Leseo, Inc., defendant below, appeals a nonfinal order denying its motion to dismiss for improper venue or, in the alternative, to transfer venue. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Leseo is a Florida corporation consisting of members of the Leslie family. Its only office for the transaction of business is in Seminole County, Florida. Leseo is a wholesale distributor for residential and commercial roofing products.
The Celotex Corporation, plaintiff below, is a Delaware corporation and subsidiary of the Jim Walters Corporation with its principal Florida office in Hillsborough County. Celotex manufactures and, for many years, has sold residential and commercial roofing products to Leseo.
In order to resolve a number of disputes arising out of their business relationship, Leseo, members of the Leslie family, and Celotex held a series of meetings in Hills-borough County. As a result, they executed an Agreement for Settlement and General Release on October 1, 1982. Paragraph 1 provided that Leseo would pay Celotex $100,000 and execute a promissory note for $140,000 with interest at 13.5% per annum, payable in equal installments for twenty-four months. In paragraph 2 Celo-tex agreed to supply Leseo on open account roofing products up to a $250,000 credit limit, subject to certain conditions. In paragraph 3 Celotex released the Leslie family, who owned Leseo, from “the obligations of their personal guarantees security (sic) any and all debts now or hereafter due and owing Celotex by Leseo.” Finally, in paragraph 4, Leseo and Celotex mutually released each other from all claims and debts accruing up to the date of the agreement except as otherwise set forth.
In June 1983 Leseo filed suit against Celotex in Seminole County to quiet title to real property located in that county. In its amended complaint filed in January 1984, Leseo also sought to recover damages from Celotex for failing to satisfy a mortgage that Leseo had executed on the property in favor of Celotex before the settlement agreement. Leseo contended the agreement discharged this mortgage. In February 1984 Celotex counterclaimed for amounts due and owing on the $250,000 *1338 credit line extended to Leseo, recovery of possession of roofing products delivered to Leseo, foreclosure of a security interest in those roofing products, and foreclosure of the mortgage on the Seminole real property-
In December 1983, before the filing of Lesco’s amended complaint and Celotex’s answer thereon, Celotex filed a complaint in Hillsborough County against Leseo on the $140,000 promissory note executed by Leseo. Celotex did not assert that the note was secured by the Seminole County real property. Leseo filed a motion to dismiss or transfer venue of this suit to Seminole County. The trial court denied this motion on March 28, 1984, and this appeal ensued.
Leseo asserts several reasons to substantiate its claim that the trial court erred in denying its motion to change venue. Leseo argues that venue should have been changed because of the manifest inconvenience to its witnesses and possible financial loss in defending the action in Hillsborough County. We find no abuse of discretion in the trial court’s rejection of this argument. However, we do find merit in Lesco’s argument that, in the interest of justice, venue should be transferred to Seminole County to avoid piecemeal handling of claims between the parties and the possibility of inconsistent results.
We believe that under the circumstances, Leseo has met its burden of pleading and proving that venue should have been transferred to Seminole County. See Velez v. Mell D. Leonard & Associates, 338 So.2d 896 (Fla. 2d DCA 1976). In its motion for change of venue, Leseo alleged that Celo-tex’s promissory note suit was based on the same transaction as the Seminole County quiet title action. Lesco’s president, William P. Leslie, by affidavit, asserted that the promissory note was executed pursuant to the terms of the October 1 settlement and general release agreement. Leslie also stated that this agreement formed the basis of the quiet title action in which Leseo contended Celotex’s mortgage on the Seminole property was discharged by the agreement. After the hearing on its motion to change venue, Leseo filed its answer to the promissory note suit initiated by Celotex in Hillsborough County. Leseo alleged that it agreed to execute the promissory note in exchange for Celotex’s release of any monetary obligation contained in the mortgage and note executed by Leseo on the Seminole real property. In fairness to the trial judge, Lesco’s answer was not on file at the time of his ruling. Yet, we cannot overlook the fact that it bolsters Lesco’s contention that there is a possibility of inconsistent rulings concerning the scope of the settlement and general release agreement.
The settlement agreement expressly refers to the $140,000 promissory note but does not explicitly mention the note and mortgage on the Seminole real property. Leseo, however, may be able to prove its allegation that the agreement encompasses that note and mortgage. Thus, these actions appear sufficiently intertwined to warrant transfer of venue to Seminole County to avoid piecemeal litigation and the possibility of inconsistent judgments. See Interval Marketing Associates, Inc. v. Sea Club Associates IV, Case No. 84-2365, (Fla. 2d DCA February 22,1985).
Accordingly, we reverse the trial court’s denial of Lesco’s motion for change of venue and direct the court to transfer venue to Seminole County.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.