500 So.2d 204 (1986)
HAWS & GARRETT GENERAL CONTRACTORS, INC. OF FORT WORTH, Appellant,
v.
PANHANDLE CUSTOM DECORATORS & SUPPLY, INC., Appellee.
No. BL-285.
District Court of Appeal of Florida, First District.
September 16, 1986.
Rehearing Denied October 20, 1986.
*205 J. Arby Van Slyke, of Smith, Sauer & Venn, P.A., Pensacola, for appellant.
Raymond L. Syfrett, of Syfrett & Trollope, Panama City, for appellee.
ERVIN, Judge.
This appeal of a non-final order,[1] denying appellant's motion to dismiss, involves a question of whether parties to a contract may in advance of any possible litigation choose to submit any such eventual litigation to a particular forum. We affirm, but not for the reasons stated by the trial judge.
Appellant, Haws & Garrett General Contractors, Inc. (contractor), a Texas Corporation, incidental to an agreement with Destin Towers Associates to construct a condominium project in Okaloosa County, Florida, entered into a subcontract in Fort Worth, Tarrant County, Texas, with appellee, Panhandle Custom Decorators & Supply, Inc., a Florida corporation. Paragraph "S" of the subcontract states as follows:
It is agreed between the parties to this contract that any litigation, lawsuit or court action of any character arising from this agreement shall be filed in Tarrant County, Texas, for trial in that county.

(emphasis supplied) Subsequently, appellee filed suit in the Circuit Court in Okaloosa County, Florida to enforce a mechanic's lien, or, in the alternative, to recover damages.[2] Appellant filed its motion to dismiss the complaint, based in part on paragraph "S" of the subcontract.
In denying appellant's motion to dismiss, thereby refusing to enforce the parties' choice of forum to litigate their grievances, the trial court held that "[s]uch an agreement to limit future causes of action, arising out of an agreement, to the courts of a specific place is void as an attempt to oust the jurisdiction of all other courts over subsequent disputes arising out of the agreement."
If the issue before us were limited solely to the question of whether a forum selection clause represents an impermissible attempt to divest a court of its authority to review a case, we would be compelled to reverse. The Florida Supreme Court has recently held, following M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), that such clauses do not oust courts of jurisdiction but rather "present a court with a legitimate reason to refrain from exercising that jurisdiction." Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986). The court continued that the trial courts could "effectively protect a party by refusing to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power." Id. Manrique essentially adopted the three-pronged test announced by the United States Supreme Court in Bremen, requiring that the forum chosen be not the result of unequal bargaining power by one of the parties to the agreement; that the agreement's enforcement may not contravene strong public policy, either in the forum where suit would be brought, or where suit was excluded; or that the purpose of the forum's selection is not to transfer an essentially local dispute in order to seriously inconvenience one or more parties to the agreement.[3]
*206 Applying the three-step approach of Bremen to the case at bar, we find no support in the record as to the existence of the first of the three factors, involving any showing of overwhelming bargaining power on the part of one party over the other. We do agree, however, that enforcement of the choice of forum clause before us would violate the second prong announced in Bremen, in that its enforcement contravenes strong public policy enunciated by judicial fiat, that of the forum where the suit would be brought pursuant to contract, here Texas. See Dowling v. NADW Marketing, Inc., 578 S.W.2d 475 (Tex.Civ.App. 1979) (holding contractual clause, establishing party's choice of forum in Louisiana, invalid under Texas law). See also Hoffman v. Burroughs Corporation, 571 F. Supp. 545, 550 (N.D.Texas 1982); Taylor v. Titan Midwest Construction Corporation, 474 F. Supp. 145, 147, n. 1 (N.D.Tex. 1979).[4]
Finding, therefore, that the contractual clause in question violates the second of the three-pronged Bremen test, we agree that the lower court's refusal to enforce the parties' choice of forum was not in error.
AFFIRMED.
BOOTH, C.J. and THOMPSON, J., concur.
NOTES
[1] The order on appeal is a non-final, appealable order, in that it is one relating to venue. See Fla.R.App. P. 9.130.
[2] Although Destin Towers, the owner, was named as a party defendant to the suit, it did not join in the motion to dismiss, nor is it a party to this appeal.
[3] We express no view regarding whether the clause in question could be considered violative of the third prong. The suit at bar was one to foreclose a mechanic's lien on real property located in Okaloosa County, Florida. The general rule is that such suits must be brought in the county where the property is located. Tietig v. Riccio, 451 So.2d 1016 (Fla. 3d DCA 1984). But see Meka Construction Corporation v. Village Mall of Port Orange, Ltd., 469 So.2d 838 (Fla. 5th DCA 1985) (parties' choice of venue approved, notwithstanding suit was one to foreclose a mechanic's lien, on the ground that the parties had contractually provided for venue, unlike the situation in Tietig). Since, however, the parties at bar have not briefed the issue of the effect of a forum selection clause  to which one of the parties, the owner, did not join  on a suit brought to foreclose a mechanic's lien, which selects a court in another jurisdiction to try the case, we will not address such question.
[4] The latter two cases, as well as the Third District Court of Appeal in Zurich Insurance Co. v. Allen, 436 So.2d 1094 (Fla. 3d DCA 1983), pet. rev. den., 446 So.2d 100 (Fla. 1984), incorrectly cite an opinion of the Texas Supreme Court, Fidelity Union Life Insurance Co. v. Evans, 477 S.W.2d 535 (Tex. 1972), as authority for the rule that an agreement to limit future causes of action to the courts of a specific place is void as an attempt to oust the jurisdiction of all other courts over subsequent disputes arising out of the agreement. Fidelity did not, as in the present case, involve the question of whether the parties' choice of forum in another state was contrary to Texas public policy. Fidelity simply held that a contractual clause placing venue in a particular county in Texas was contrary to a Texas venue statute and could not be made the subject of private contract.