GARRETT, Judge.
Appellant Edward J. Gerrits, Inc. (Ger-rits) claims that the trial court should have granted its motion for change of venue. We agree.
Appellee Chambers Truss, Inc. (Chambers), a St. Lucie County manufacturer, contracted with Gerrits to supply roof trusses for a construction project in Palm Beach County. Later, Chambers sued Gerrits in St. Lucie County for nonpayment and Gerrits counterclaimed that the trusses were defective and their installation caused additional expenses. Gerrits did not appeal a denial of its motion for change of venue to Palm Beach County.[1] A subcontractor then sued Gerrits in Palm Beach County for nonpayment of the additional expenses to install damaged trusses. Gerrits again moved for a change of venue in Chambers’s case in order to consolidate the cases in Palm Beach County as the more convenient venue and to avoid piecemeal litigation and the possibility of inconsistent results. The trial judge denied the second motion without explanation.
Our standard of review is to determine whether the trial court abused its discretion when it denied Gerrits’s second motion for change of venue. See Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). We find that an abuse of discretion did occur.
In the interest of justice, venue should be transferred where it will avoid piecemeal litigation and the possibility of *626 inconsistent results. Lesco, Inc. v. Celotex Corp., 464 So.2d 1336 (Fla. 2d DCA 1985). In addition, a change of venue is intended to prevent a miscarriage of justice in the correct venue or to afford a more convenient venue. Trawick, Fla.Prac. and Proc., § 5-8, 5-9 (1987).
A basis for venue did exist in Palm Beach County. Section 47.011, Florida Statutes (1987) states, “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” Delivery of the trusses and their installation took place in Palm Beach County where Gerrits maintained its principal place of business.
More importantly, all the parties concede the trusses were damaged so the possibility of inconsistent results exists because both lawsuits involve who caused the damage. In one case the blame could be placed on Chambers as the manufacturer and in the other case on the subcontractor as the installer. In the interest of justice, both cases should be tried in Palm Beach County.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
DOWNEY and WALDEN, JJ., concur.

. We assume appellant recognized that a basis existed for venue in St. Lucie County. The contract did not specify the place of payment although payments had been made in Palm Beach County. But, since the payments eventually went to appellee’s plant in St. Lucie County that is where the nonpayment breach occurred. See Borkson, Simon & Moskowitz, P.A. v. Troutman, 534 So.2d 928, 929 (Fla. 4th DCA 1988).