687 So.2d 840 (1996)
MERCEDES HOMES, INC., a Florida corporation, Appellant,
v.
Joe M. OSBORNE and Doris H. Osborne, Husband and Wife, Appellees.
No. 95-05002.
District Court of Appeal of Florida, Second District.
December 20, 1996.
Patrick F. Roche of Frese, Nash & Torpy, P.A., Melbourne, for Appellant.
Herb Fiss, Tampa, for Appellees.
SCHOONOVER, Acting Chief Judge.
The appellant, Mercedes Homes, Inc., a Florida corporation, challenges a nonfinal order which denied its motion to have the action brought against it by the appellees, Joe M. Osborne and his wife Doris H. Osborne, decided in Brevard County, Florida. We reverse.
Mr. and Mrs. Osborne and Mercedes Homes, Inc., entered into a written contract (the construction contract) whereby Mercedes Homes, Inc., agreed to construct a home for the Osbornes in Hillsborough County, Florida. The contract provided, among other things, that: "Venue for any action arising herein or related hereto shall be in Brevard County, Florida."
After a dispute arose between the parties, the Osbornes filed a three count complaint against the appellant in Hillsborough County, Florida. The first count alleged that the appellant breached its one year express warranty by failing to correct a problem caused by defectively installed ceramic tile. The second count alleged that the appellant had breached a presettlement agreement whereby the appellant was required to reinstall the ceramic tile in the Osbornes' home. The last count was based upon negligence. The Osbornes alleged that they had purchased an extended warranty on their home from Preferred Builders Warranty Corporation but the appellant negligently failed to either forward *841 the warranty application to the company or to inform the company of the Osbornes' address. The construction contract which was in writing was not attached to the complaint.
The appellant filed a motion entitled "Motion to Abate." This motion alleged that the action arose out of and related to the construction contract and that its venue provision provided the exclusive venue for determination of the controversy. The trial court denied the appellant's motion, and this timely interlocutory appeal followed.
The appellant contends that the construction contract provides that any action arising out of, or related to, the contract be brought in Brevard County, Florida, and since all causes of action set forth in the Osbornes' complaint arose out of or were related to the contract, the case must be transferred to Brevard County.
The Osbornes do not contest the validity of the venue provision in the construction contract, but contend that they are not proceeding on that contract. They contend that even if one of their causes of action arose from or related to the construction contract, the action should proceed in Hillsborough County, pursuant to section 47.041, Florida Statutes (1993), because at least one of the causes of actions did not arise out of or relate to the construction contract. We reject both of these contentions and agree with the appellant.
Parties to an agreement may provide therein where an action must be brought to enforce it. Southeastern Office Supply & Furniture Co., Inc. v. Barley, 427 So.2d 1139 (Fla. 5th DCA 1983). In this case, the parties entered into the construction contract, and the agreement provided that any action arising from the contract or related to it had to be brought in Brevard County, Florida. After the home was completed, the appellant leased it back from the Osbornes. Prior to the Osbornes occupying the home, the parties entered into a pre-settlement agreement whereby the appellant was to replace what the Osbornes contended was defectively installed ceramic tile. The Osbornes argue that count II of their complaint was based upon this written agreement and not the construction contract and therefore, pursuant to section 47.041, they could elect to bring the entire action in Hillsborough County. We disagree.
We find that count II of the Osbornes' complaint arose out of or was related to the construction contract which contained the venue provision. Therefore, it is not necessary for us to consider whether the entire action could be brought in Hillsborough County if one count of the complaint was not based upon, or related to the construction contract with the venue provision. But see Derrick & Assocs. Pathology, P.A. v. Kuehl, 617 So.2d 866 (Fla. 5th DCA 1993).
Count II of the Osbornes' complaint was based upon a "Pre-Settlement Inspection Report." This instrument was executed as a result of the construction of the Osbornes' home pursuant to the construction contract which contained a valid venue provision. Accordingly, a cause of action based upon the "report" arose out of, or was related to, the construction contract. Although the instrument modified the rights and responsibilities of the parties to the construction contract, it did not attempt to void the venue provision, and all terms of an original contract not abrogated by a modification remain in effect. Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524 (Fla. 2d DCA 1990). We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
FRANK and QUINCE, JJ., concur.