743 So.2d 627 (1999)
MANAGEMENT COMPUTER CONTROLS, INC., a foreign corporation, Appellant,
v.
CHARLES PERRY CONSTRUCTION, INC., a Florida corporation, Appellee.
No. 99-863.
District Court of Appeal of Florida, First District.
October 27, 1999.
*629 Leonard E. Ireland, Jr., of Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A., Gainesville, for Appellant.
Michael D. Sechrest of Peter A. Robertson & Associates, P.A., Gainesville, for Appellee.
PADOVANO, J.
This is an appeal from a nonfinal order denying a motion to dismiss for improper venue. We conclude that a venue provision incorporated into the sales contracts at issue required the trial court to grant the motion as to three of the four counts of the complaint. Consequently, we reverse in part and affirm in part.
Management Computer Controls, Inc. is a Tennessee corporation engaged in the business of selling computer software. The company uses the shorthand name MC2. Charles Perry Construction, Inc. is a Florida corporation with its principal place of business in Alachua County. Perry entered into two contracts with MC2 to purchase computer software designed to perform estimating and accounting functions for construction firms.
Each of the purchase contracts is printed on a standard order form containing a paragraph that purports to incorporate by reference a license agreement. Paragraph four of the order form states "Any MC2 License Agreement governing the use of and normally packaged with any MC2 software is incorporated herein by reference, as though fully set forth." The license agreement to which the order form refers includes the following provision relating to venue and the choice of laws:
1. GOVERNING LAW. Agreement is to be interpreted and construed according to the laws of the State of Tennessee. Any action, either by you or MC2, arising out of this Agreement shall be initiated and prosecuted in the Court of Shelby County, Tennessee, and nowhere else; both you and MC2 do hereby waive the right to change venue.
Perry had access to the referenced license agreement before the contracts were signed. The order form in each case states that "A copy of any such MC2 License Agreement is available for your review upon request."
No request was made under this provision of the contract, but MC2subsequently delivered a copy of the applicable license agreement along with the software. Each of the software packages arrived with the license agreement affixed to the outside of the box. Additionally, the boxes were sealed with an orange sticker bearing the following warning: "By opening this packet, you indicate your acceptance of the MC2 license agreement."
Perry became dissatisfied with the software and filed suit against MC2 in Alachua County. The amended complaint served on December 2, 1998, asserts a claim for damages in four counts: breach of contract, negligent misrepresentation, *630 breach of implied warranty of fitness, and a violation of Florida's Unfair and Deceptive Trade Practices Act. In support of these claims, Perry alleged that the software was not suitable for use in a Windows NT network environment, as MC2 had represented. With the exception of one component, Perry maintained that the software did not work.
MC2 filed a motion to dismiss the complaint on the ground that venue was not proper in Alachua County. Relying on the venue and choice of law provision of the license agreement, MC2 maintained that venue is proper only in Shelby County, Tennessee. The trial court entered an order denying the motion to dismiss, and MC2 then filed a timely notice of appeal to this court.
We have jurisdiction to review the order by appeal, even though it does not conclude the litigation. Rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure includes orders concerning venue within the limited class of nonfinal orders that are subject to review by appeal before the final judgment. See Sagaz Industries, Inc. v. Martin, 706 So.2d 374, 375, fn. 1 (Fla. 5th DCA 1998) (noting that an order denying a motion to dismiss for improper venue is appealable); accord Lesco, Inc. v. Celotex Corp., 464 So.2d 1336 (Fla. 2d DCA 1985). This rule enables a party to seek review of an adverse decision on venue before that party is forced to litigate the entire controversy in the wrong forum.
Perry assumes that all venue orders are reviewable by the abuse of discretion standard, but that is not the case. Judicial discretion is most often required when the trial court must decide whether to change venue from one proper location to another. For example, if the trial court determines that it is necessary to change venue under section 47.122, Florida Statutes for the convenience of the witnesses, the order is reviewable by the abuse of discretion standard. See Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983); Stoppa v. Water Oak Management Corp., 584 So.2d 161, 163 (Fla. 1st DCA 1991). Likewise, the abuse of discretion standard applies if the trial court finds it necessary to change venue under section 47.101, Florida Statutes, to ensure the right to a fair trial. See Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992). In these examples, the trial court must make a reasoned judgment based on the facts and circumstances.
Whether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must.
In the present case, the trial court rejected a claim that venue was improper in Alachua County. The decision did not involve fact finding or the exercise of judicial discretion, but rather it concerned only an issue of law. MC2's motion to dismiss was based entirely on the forum selection clause of the parties' contract. Florida courts have held that a decision interpreting a contract presents an issue of law that is reviewable by the de novo standard of review. See Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc., 721 So.2d 433 (Fla. 5th DCA 1998); Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So.2d 376 (Fla. 1st DCA 1997). Because the venue order in this case turns on an issue of law, we must review the order by the de novo standard.
The parties to a contract may include a provision that establishes venue in a particular forum in the event of a contract dispute. See Mercedes Homes, Inc. v. Osborne, 687 So.2d 840, 841 (Fla. 2d DCA 1996); Hughes Supply, Inc. v. Lupton, 487 So.2d 429, 430 (Fla. 5th DCA *631 1986). Whether a venue clause is binding on the parties depends on its language. If the clause merely authorizes the filing of the suit in a particular forum it is said to be permissive and it is not binding. See Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-275 (Fla.1987); Intercapital Funding Corp. v. Gisclair, 683 So.2d 530, 532 (Fla. 4th DCA 1996). A permissive forum selection clause may provide an alternative to the statutory choices of venue but it does not require the plaintiff to file the suit in the forum referred to in the agreement.
In contrast, a venue clause is said to be mandatory if it states that any litigation must be initiated in a specified forum. See Granados Quinones, 509 So.2d at 274. If the venue clause is phrased in mandatory terms, each party has a contractual right to demand that the case be litigated in the forum referred to in the contract. We have no doubt that the forum selection clause at issue in this case is mandatory. The license agreement states in material part, "Any action, either by you or MC2, arising out of this Agreement shall be initiated and prosecuted in the Court of Shelby County, Tennessee, and nowhere else." (emphasis supplied). By these terms, the parties have expressed their intent to limit venue to one particular location.
As a general principle, the trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust. See Manrique v. Fabbri, 493 So.2d 437 (Fla.1986); Haws & Garrett Gen. Contractors, Inc. of Fort Worth v. Panhandle Custom Decorators & Supply, Inc., 500 So.2d 204 (Fla. 1st DCA 1986). There are no circumstances here to suggest that the venue clause was unreasonable or that we should otherwise decline to enforce it. To the contrary, the venue clause was openly included in an agreement by two parties of relatively equal bargaining power.
Perry argues that the forum selection clause does not apply, because the license agreement was not legally incorporated into the sales contracts. We disagree. The sales contracts were executed on an order form that refers to the license agreement and plainly expresses the parties' intent to be bound by its terms. Moreover, Perry agreed to the terms of the license agreement by breaking the seal on the software. Because the license agreement became a part of the sales contracts, the venue clause applies in an action for breach of the contract, as well as the other claims arising out of the contract.
A document may be incorporated by reference in a contract if the contract specifically describes the document and expresses the parties' intent to be bound by its terms. See Kantner v. Boutin, 624 So.2d 779, 781 (Fla. 4th DCA 1993); Temple Emanu-El of Greater Fort Lauderdale v. Tremarco Industries, Inc., 705 So.2d 983 (Fla. 4th DCA 1998). The contract must contain more than a mere reference to the collateral document, but it need not state that it is "subject to" the provisions of the collateral document to incorporate its terms. See Quix Snaxx, Inc. v. Sorensen, 710 So.2d 152, 154 (Fla. 3d DCA 1998) (holding that no particular "magic words" are required to incorporate a document by reference). It is sufficient if the general language of the incorporating clause reveals an intent to be bound by the terms of the collateral document. See Sharpe v. Lytal & Reiter, Clark, Sharpe, Roca, Fountain, Williams, 702 So.2d 622, 623 (Fla. 4th DCA 1997).
The sales contracts in this case include more than a mere reference to the license agreement. They each contain language that specifically expresses the parties' intent to be bound by the license agreement packaged with the software: "Any MC License Agreement governing the use of and normally packaged with any MC software is incorporated herein by reference, as though fully set forth." (emphasis added). *632 This language shows that the parties intended that the license agreement and all its provisions would become part of the sales contracts. The language is unequivocal and specific enough to describe and incorporate in full the license agreement. The incorporation clause specifies not just any MC license agreement, but any such license agreement "governing the use of and normally packaged with any MC software" (emphasis added).
There could have been no mistake on Perry's part as to which license agreement was referenced by this incorporation language, as the MC license agreement was supplied with the software Perry received and was prominently displayed on the outside of the sealed software package. The license agreement contained a warning printed in capital letters at the top, stating that opening the software package would be an acceptance of the terms of the license agreement. Perry could have declined to open the software had it not agreed to the venue provision of the license agreement.
Perry contends that the venue clause in the license agreement applies only to disputes over licensing, but we reject that contention, as well. As MC maintains, once the license agreement was properly incorporated by reference into the sales contracts, the agreements formed one document, to be read together. See Computer Sales Int'l, Inc. v. State Dep't of Revenue, 656 So.2d 1382, 1384 (Fla. 1st DCA 1995). The forum selection clause in the license agreement simply states that Shelby County Tennessee shall be the exclusive choice of venue. Nothing in the language of this clause limits the venue provision to actions concerning licensing only. Because the license agreement was incorporated by reference into the sales contracts, the venue clause in the license agreement applied to each sales contract as if it were a part of that contract.
The venue clause in the license agreement applies not only to the breach of contract claim asserted in count one of the amended complaint, but also to the negligent misrepresentation and breach of implied warranty claims asserted in counts two and three respectively. Because these claims arose out of the contract, they are governed by the parties' agreement concerning venue. See generally, Mercedes Homes, Inc. v. Osborne, 687 So.2d at 841. We conclude, however, that the venue clause cannot be applied to Perry's claim that MC2 violated the Florida Unfair and Deceptive Trade Practices Act, sections 501.201-213, Florida Statutes.
The unfair trade claim is an independent statutory claim that is severable from all the remaining claims. It does not arise out of the contract, nor does it exist solely for the benefit of the parties to the contract. Our conclusion that the unfair trade practices claim is beyond the scope of the venue clause is supported by the analogous decision of the Third District Court of Appeal in First Pacific Corp. v. Sociedade de Empreendimentos e Construcoes, Ltda., 566 So.2d 3 (Fla. 3d DCA 1990). There, the court held that an action based on violations of the RICO statute, the Florida Civil Remedies for Criminal Practices Act, and the Florida Communications Fraud Act was not subject to a contract clause establishing venue in a foreign jurisdiction. The court reasoned that enforcement of the venue clause would undermine the purposes of these statutes. Although the Unfair and Deceptive Trade Practices Act seeks to protect Florida citizens from a different kind of evil, the point relating to the applicability of the forum selection clause is the same. The use of the venue clause as a defense to the statutory claim in this case would undermine the effectiveness of the statute.
For these reasons, we conclude that the trial court should have granted the motion to dismiss as to the contract claim, the negligent misrepresentation claim, and the breach of warranty claim. Each of these claims arose from the contract, and each is therefore subject to the venue provisions *633 of the contract. The venue clause cannot be applied, however, to the unfair trade practices claim, as that would undermine the purpose of the statute upon which the claim is based. Because the unfair trade practices claim is severable from the other claims, it may be litigated separately in Alachua County.
Reversed in part and affirmed in part.
BARFIELD, C.J., and MINER, J., CONCUR.