917 So.2d 246 (2005)
Rebecca SHEETS, as Personal Representative of the Estate of Marie V. Palmer, Appellant/Cross-Appellee,
v.
Gary R. PALMER, Appellee/Cross-Appellant.
No. 1D04-1031.
District Court of Appeal of Florida, First District.
December 14, 2005.
*247 William S. Graessle of William S. Graessle & Associates, P.A., Jacksonville, for Appellant/Cross-Appellee.
John C. Taylor, Jr., and Rhonda B. Boggess of Taylor, Day & Currie, Jacksonville, for Appellee/Cross-Appellant.
WEBSTER, J.
The parties raise a number of issues in their appeal and cross-appeal from an Order on Final Accounting and Petition for Discharge, Petitioner's Objection to Same and Petitioner's Motion for Award of Attorney's Fees and Costs in a probate action. We conclude that all except one of those issues merit neither discussion nor reversal. However, we conclude, further, that the trial court erred in its holding that appellee was entitled pursuant to a settlement agreement to a $38,500 bequest from the estate free from its proportionate *248 share of estate taxes and administrative expenses other than attorney's fees and costs. Accordingly, we reverse that holding and remand with directions that the trial court order appellee to pay from the $38,500 bequest a proportionate share of estate taxes and administrative expenses other than attorney's fees and costs.
The decedent, Marie Palmer, died testate on December 28, 1996. The will designated appellant personal representative. The will did not specifically address apportionment of estate taxes or other expenses. Appellee filed a Petition for Revocation of Probate and for Intestate Probate Administration, challenging the will. A mediated settlement agreement was eventually reached. One of the terms of that agreement provided that appellee would "receive a $38,500.00 credit from the Estate as a specific bequest made to him under the terms of the ... [w]ill."
Appellant subsequently filed a final accounting and petition for discharge to which appellee objected on several grounds, including that the proposed cash distribution did not provide for the $38,500 bequest called for by the settlement agreement. Following a lengthy evidentiary hearing, the trial court held that appellee was entitled to the $38,500 bequest, which bequest was to be free of any obligation to pay a proportionate share of the estate taxes and administrative expenses. On appeal, appellant contends that the trial court misconstrued the settlement agreement and, as a result, erroneously held that the $38,500 bequest should be free of any obligation to pay a proportionate share of the estate taxes and administrative expenses. Rather, since the $38,500 was labeled a "bequest," it was required to bear its proportionate share of estate taxes and administrative expenses pursuant to sections 733.817(5)(a)1 and 733.805(1)(d), Florida Statutes (2003). Appellee responds that the trial court correctly interpreted the settlement agreement or, in the alternative, that the trial court had discretion equitably to apportion estate taxes and administrative expenses pursuant to sections 733.106(4) and 733.817(5)(g), Florida Statutes (2003). While we agree with appellee's argument to the extent it relates to apportionment of attorney's fees and costs, we are unable to accept that part of the argument directed to apportionment of estate taxes and other administrative expenses.
A settlement agreement must generally "be interpreted like any other contract. That is, absent any evidence that the parties intended to endow a special meaning in the terms used ..., the unambiguous language is to be given a realistic interpretation based on the plain, everyday meaning conveyed by the words." McIlmoil v. McIlmoil, 784 So.2d 557, 561 (Fla. 1st DCA 2001) (citations omitted). Accordingly, to the extent the trial court relied on the language of the settlement agreement for its decision, our standard of review is de novo. E.g., Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) ("a decision interpreting a contract presents an issue of law that is reviewable by the de novo standard of review") (citations omitted).
The settlement agreement states that appellee is to "receive a $38,500.00 credit from the Estate as a specific bequest made to him under the terms of the... [w]ill." Nothing in the agreement suggests that this language was intended to have other than the meaning clearly conveyed by the words used. Accordingly, we conclude that the $38,500 must be treated as a specific bequest. Under Florida law, a specific bequest must pay administrative expenses and estate taxes proportionately along with all other such *249 bequests if, as was true here, the residuary estate does not contain sufficient assets to pay estate taxes and administrative expenses. See §§ 733.805(1)(d) & 733.817(1)(a), Fla. Stat. (1995). There is nothing in the settlement agreement (or the decedent's will) which indicates that this specific bequest should be excluded from the operation of these statutory provisions. See § 733.817(2)(d), Fla. Stat. (1995) ("A direction against apportionment under this section may be explicit or implicit from the terms of the governing instrument, but must be clear and unequivocal; provided, however, that an implicit direction against apportionment is not sufficient to avoid the apportionment under state or applicable federal law unless the court also finds that the testator considered and made a deliberate and informed decision about the burden of taxation."). Accordingly, we must conclude that the settlement agreement does not support the trial court's holding that the $38,500 bequest should be free of any obligation to pay a proportionate share of the estate taxes and administrative expenses.
Appellee argues that, even if not required by the settlement agreement, the trial court nevertheless had discretion equitably to apportion estate taxes and administrative expenses pursuant to sections 733.106(4) and 733.817(5)(g), Florida Statutes (2003). Section 733.106(4) addresses only attorney's fees and costs, permitting the court, in its discretion, to direct from what part of the estate such items are to be paid. While the statute is probably substantive rather than procedural and, therefore, the 1995 version controls, we need not decide this question because the 1995 and 2003 versions are substantively identical. Compare § 733.106(4), Fla. Stat. (1995) with § 733.106(4), Fla. Stat. (2003). There is competent substantial evidence in the record to support the trial court's decision to the extent it exempts appellee's $38,500 bequest from assessment for its proportionate share of attorney's fees and costs and, accordingly, we affirm that part of the decision. However, section 733.106(4) provides no support for appellee's argument that the trial court had discretion to exempt the bequest from assessment for its proportionate share of estate taxes and other administrative expenses.
The only other statute cited by appellee in support of its argument is section 733.817(5)(g), Florida Statutes (2003). We conclude that this statute has no bearing on the issue because (1) when adopted in 1997, the legislature expressly made it applicable only to estates of decedents dying on or after October 1, 1998, and here the testator died nearly two years earlier, see ch. 97-240, §§ 9, 14, at 4419, 4424, Laws of Fla.; and (2) even if applicable, it is clear that the provision relates to apportionment only of interest and penalties on estate taxes, not the taxes themselves.
In summary, we hold that the trial court erred to the extent it concluded that appellee was entitled to the $38,500 bequest free from its proportionate share of estate taxes and administrative expenses other than attorney's fees and costs. Accordingly, we reverse that portion of the trial court's order, and remand with directions that the trial court order appellee to pay from the $38,500 bequest a proportionate share of estate taxes and administrative expenses other than attorney's fees and costs. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
PADOVANO and LEWIS, JJ., concur.