960 So.2d 44 (2007)
OCEAN-YACHTS, INC., a New Jersey Corporation, Appellant,
v.
FLORIDA YACHTS INTERNATIONAL, INC., a Florida Corporation, Appellee.
No. 3D07-606.
District Court of Appeal of Florida, Third District.
June 6, 2007.
*45 Segredo & Weisz and Michel Ociacovski Weisz and Samuel Cozzo, for appellant.
John H. Ruiz, Miami, and Hector A. Pena, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
WELLS, J.
Ocean Yachts, Inc., a New Jersey corporation, appeals from a non-final order denying its motion to dismiss Florida Yachts International, Inc.'s ("FYI") complaint on improper venue grounds. The appealed order stayed the action and directed the parties to proceed to mediation in New Jersey. A subsequent order denying reconsideration concluded that should mediation fail to result in settlement, the matter would proceed in Miami-Dade County. Ocean Yachts maintains that the trial court's rulings violate that portion of its contract with FYI governing venue. We agree and affirm that portion of the trial court's orders mandating mediation but reverse that portion of the orders requiring continuation of the action in Miami-Dade County should mediation fail.
In August 2005, Ocean Yachts and FYI entered into an agreement under the terms of which FYI, a Miami-based company, was to serve as an exclusive dealer in a number of Southeast Florida counties for boats manufactured by New Jersey-based Ocean Yachts. That agreement, in pertinent part, provided that disputes between the parties were to be resolved first by non-binding mediation or arbitration to take place where the non-complaining party was located, to be followed by legal action in the place where the prevailing party in the non-binding mediation or arbitration is located if not resolved in nonbinding mediation/arbitration.
Several years into the operation of this agreement, FYI, without first proceeding to nonbinding mediation or arbitration, filed the instant action alleging breach of contract and seeking declaratory relief. Ocean Yachts sought to dismiss, arguing that FYI had failed to submit its dispute with Ocean Yachts to mediation or arbitration as agreed and that the action could not be maintained in this or any venue until this was accomplished.
The trial court denied the motion to dismiss and ordered the parties to mediate. On reconsideration, the trial court decided that because mediation had been ordered, the venue requirements stated in the parties' agreement did not apply. This is because, as the trial court reasoned, the terms "mediation" and "arbitration" are mutually exclusive terms, with mediation, by definition being non-binding and arbitration, under the rules of the American Arbitration Association (AAA), being binding on the parties. Thus, according to the *46 trial court, because mediation ends without declaring a winner, the "prevailing party" venue privilege provided by the agreement, does not apply. We cannot agree with this assessment for several reasons.
First, there is nothing that prevents agreement to non-binding arbitration even if conducted according to AAA rules. See generally 9 U.S.C. § 4 (allowing parties to an agreement to determine what claims may be arbitrated and how the proceeding will occur, providing: "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement"); Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (observing that "parties are free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which the arbitration will be conducted"); see also United Auto. Ins. Co. v. Ortiz, 931 So.2d 1025, 1026 (Fla. 4th DCA 2006) ("Pursuant to section 44.103(2), Florida Statutes (2005), a court `may refer any contested civil action filed in a circuit or county court to nonbinding arbitration.'"); Preferred Mut. Ins. Co. v. Davis, 629 So.2d 259, 260-261 (Fla. 4th DCA 1993) ("An arbitrator's decision in nonbinding arbitration under section 44.103, Florida Statutes, may be `vacated' without any grounds whatever, upon the simple expedient of timely filing a request or motion for trial de novo."). Second, if, as the trial court found, arbitration necessarily was "binding" on these parties, there would be no need to bring suit much less to select venue, thereby making this provision which clearly addressed venue in the event of failed resolution, superfluous. This surely cannot be what the parties either had in mind or meant. Third, according to AAA rules, mediators are authorized to make "oral and written recommendations for settlement." See AAA, Commercial Arbitration Rule M-10. We see no reason why these recommendations cannot either indicate, upon request, or be utilized to determine which of the parties prevailed, as the parties here agreed.
The parties to a contract may, of course, "include a provision that establishes venue in a particular forum in the event of a contract dispute. See Mercedes Homes, Inc. v. Osborne, 687 So.2d 840, 841 (Fla. 2d DCA 1996)." Management Computer Controls, Inc. v. Charles Perry Const., Inc., 743 So.2d 627, 630-31 (Fla. 1st DCA 1999). This general rule would include the procedures to be followed in making a determination of venue. Here, the parties established a procedure whereby, whether by mediation or arbitration, each would have the opportunity to argue its position before a neutral third person in an effort to resolve their dispute before going to court. Should that procedure fail to result in a resolution, venue for any subsequent litigation would rest in the venue of whichever party was determined or indicated by that neutral arbiter to have prevailed in either the arbitration or mediation proceeding.
Accordingly, we affirm that portion of the trial court's ruling ordering mediation, we reverse that portion of the court's ruling which, without necessity or justification, rewrote the parties' agreement and approved venue in Miami-Dade County irrespective of which party prevailed. Affirmed in part, reversed in part, and remanded for further proceedings to be conducted as outlined herein.