THOMAS, J.
Appellant appeals the trial court’s order dismissing its claim without leave to amend and ordering that any further action by Appellants shall be brought in the state of New York. We affirm.
Appellee issued an insurance policy insuring Appellant’s gas station. The policy included coverage for defense costs which may be incurred in administrative proceedings seeking to impose clean-up costs to Appellant due to underground pollution occurring at the gas station. When Appellee was notified of a pending administrative action, it refused to defend, contending the contamination occurred prior to the retroactive date of the policy. The Florida Department of Environmental Regulation agreed; however, it found that Appellant was entitled to remediation costs pursuant to section 376.3072, Florida Statutes (1992). Appellant then filed a lawsuit seeking reimbursement for its defense costs, alleging that Appellee wrongfully failed to defend it in the administrative action before the determination was made regarding the date of contamination.
Appellee filed a motion to dismiss or transfer Appellant’s lawsuit for improper venue based on the Choice of Law and Forum selection clause contained in the policy. The provision states:
IX. CHOICE OF LAW AND FORUM
If the Company and the Insured disagree about the meaning, interpretation or operation of any term or condition of this Policy and the disagreement results in litigation, arbitration or other form of dispute resolution, then such litigation, arbitration or other form of dispute resolution shall take place in the state of New York and New York law shall apply-
(Emphasis supplied.)
Appellant concedes this is a mandatory forum selection clause, but argues that its enforcement is unreasonable and unjust because it violates Florida’s interest *1080 in environmental protection and insurance regulation. We decline to accept Appellant’s invitation to declare the forum selection clause invalid on public policy grounds because the constitutional requirement of the separation of powers precludes this court from directing the legislative branch to adopt certain policy statements such as the one Appellant urges upon us. See Fla. Const., Art. II, § 3.
A mandatory forum selection clause must be enforced unless it is shown to be unreasonable or unjust. Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986). In order to show that a clause is unreasonable, the party seeking to escape the clause must demonstrate more than “mere inconvenience or additional expense.” Id. at n. 4.
[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.
Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).
This court has explained, “Man-rique essentially adopted the three-pronged test announced by the United States Supreme Court in Bremen .... ” Haws & Garrett Gen. Contractors, Inc. of Ft. Worth v. Panhandle Custom Decorators & Supply, Inc., 500 So.2d 204, 205 (Fla. 1st DCA 1986). The three-pronged test adopted in Manrique requires that the chosen forum not be the result of unequal bargaining power by one of the parties; that enforcement of the agreement does not contravene strong public policy enunciated by statute or judicial fíat in the forum where the litigation is required to be pursued or in the excluded forum; and that the clause does not transfer an essentially local dispute into a foreign forum. Id.; Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1082 (Fla. 5th DCA 2003). A clause which violates one of the enumerated factors should not be enforced. See Haws at 206.
The legislature has not specifically addressed forum selection clauses contained in environmental insurance policies; however, it has determined that the Office of Insurance Regulation must review and approve insurance policies drafted by insurance companies doing business in Florida. See §§ 624.401(1), 627.410(1), Fla. Stat. (2006). Because the policy here, including the forum selection clause, was reviewed and approved by the Office of Insurance Regulation, it cannot be said that the clause violates strong public policy enunciated by statute or judicial fiat. In addition, the clause represents a contract obligation assumed by one of the contracting parties. The contracting parties have the right to demand that the litigation occur in the contractually selected forum. Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999).
Because the constitutional requirement of the separation of powers precludes this court from directing the legislative branch to adopt certain policy statements, and because Appellant has not shown that the forum selection clause violates any of the factors listed in Haws and Manrique, we must affirm.
AFFIRMED.
BENTON and PADOVANO, JJ., concur.