THOMAS, J.
Appellant seeks review of the trial court’s order denying its motion to dismiss based upon improper forum. The motion to dismiss was based upon a mandatory foreign forum selection clause contained within an environmental insurance policy. We have jurisdiction to review this non-final order. See Fla. R. App. P. 9.130(a)(3)(A). Based upon our analysis below, we reverse.

Factual Background

Appellant, a surplus lines insurance carrier, issued a storage tank liability insurance policy on Appellee’s gas station. Ap-pellee filed a complaint for declaratory and affirmative relief in Suwannee County, Florida, after Appellant denied coverage of a storage tank incident based upon its conclusion that the incident took place pri- or to the retroactive date of the policy.
Appellant filed a motion to dismiss based upon improper venue based upon the forum selection clause contained in the policy at issue. The clause states:
J. Jurisdiction and Venue
It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the “Insured” will submit to the Jurisdiction of the State of New York and will comply with all requirements necessary to give such court Jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer’s right to remove an action to a United States District Court.
Appellee conceded that this was a mandatory forum selection clause, but argued below that it should not be enforced, as enforcement would be unreasonable and unjust. The trial court agreed, and denied Appellant’s motion to dismiss.

Analysis

We review the trial court’s order denying a motion to dismiss based on the interpretation of a forum selection clause de novo. See Mgmt. Computer Controls Inc. v. Charles Perry Constr. Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). “A mandatory forum selection clause must be enforced unless it is shown to be unreasonable or unjust.” Land O’Sun Mgmt. Corp. v. Commerce and Indus. Ins. Co., 961 So.2d 1078, 1080 (Fla. 1st DCA 2007) (citing Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986)). “In order to show that a clause is unreasonable, the party seeking to escape the clause must demonstrate more than ‘mere inconvenience or additional expense.’ ” Id. As noted in Man-rique:
[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.
493 So.2d at 440 n. 4 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). In Haws & Garrett General Contractors, Inc. of Ft. Worth v. Panhandle Custom Decorators & Supply, Inc., this court found that “Mannque essentially adopted the three-pronged test announced by the United States Supreme Court in Bremen .... ” 500 So.2d 204, 205 (Fla. 1st DCA 1986). The Mannque three-prong test requires
that the chosen forum not be the result of unequal bargaining power by one of the parties; that enforcement of the agreement does not contravene strong public policy enunciated by statute or *823 judicial fiat in the forum where the litigation is required to be pursued or in the excluded forum; and that the clause does not transfer an essentially local dispute into a foreign forum.
Land O’Sun, 961 So.2d at 1080 (citing Haws & Garrett, 500 So.2d at 205). A clause that violates any one of these three enumerated factors should not be enforced. Id.
The trial court, while questioning the correctness of the Florida Supreme Court’s decision in Manrique to adopt the three-part test from Bremen, applied the correct test; however, the trial court erred in concluding that Appellee met its burden under the test.
The trial court concluded that the parties’ bargaining power was clearly unequal, because an insured is not permitted by statute to seek to obtain insurance from the surplus market without first having tried and failed to obtain insurance from admitted carriers. The trial court found that Appellee was left with two options when it could not obtain insurance from an admitted carrier, either to buy surplus lines coverage or go without insurance. The trial court, however, concluded that because federal law requires Appellee to have financial responsibility in order to own or operate underground petroleum tanks, Appellee was in a “take it or leave it” position. We decline to accept Appel-lee’s argument under this factor, and we reject the trial court’s conclusion, as it would amount to a per se rule that any foreign forum selection clause in a surplus lines policy would be unenforceable.
This is not to say that a foreign forum selection clause in a surplus lines insurance policy cannot be the result of unequal bargaining power. Appellee failed to meet its burden below, however, in submitting evidence to establish that this insurance policy was the result of unequal bargaining power. In particular, Appellee did not submit any evidence to establish that it had unsuccessfully tried to negotiate removing the foreign forum selection clause, that Appellant was the only surplus lines carrier offering such a policy to Florida insureds, or that Appellee had contacted other surplus lines carriers, but their policies also contained a foreign forum selection clause.
The trial court also found that the foreign forum selection clause was unenforceable, as its enforcement would contravene strong public policy enunciated by statute and judicial fiat, and cited for support unreported federal district court decisions applying a different test established based upon federal statutory forum non conveniens factors. See D/H Oil & Gas Co. v. Commerce and Indus. Ins. Co., No: 3:04-CV-448-RV/MD, 2005 WL 1153332 (N.D.Fla. May 9, 2005). In its reasoning under this factor, the trial court also concluded that this court’s opinion in Land O’Sun was distinguishable. Land O’Sun involved a storage tank policy from an admitted Florida carrier, and, unlike the surplus carrier’s policy in this case, the policy there had been reviewed by the Office of Insurance Regulation (OIR). Land O’Sun, 961 So.2d at 1080. The trial court, however, ignored the language in Land O’Sun where this court held that the “legislature has not specifically addressed forum selection clauses contained in environmental insurance policies.” 961 So.2d at 1080.
The trial court instead focused on this court’s analysis that a foreign forum selection clause reviewed in a policy approved by OIR could not be said to violate a strong public policy. The trial court asserted that the accuracy of this conclusion had been called into question, as Appellee had introduced evidence of two storage *824 tank policies that OIR had reviewed and had rejected the foreign forum selection clauses in the policies. But this evidence still supports the conclusion that there is no clear Florida public policy prohibiting foreign forum selection clauses in environmental insurance policies, as OIR has both approved and disapproved of such clauses. Thus, this factor was not proven.
This evidence also does not change this court’s conclusion in Land O’Sun that the legislature has not addressed foreign forum selection clauses contained in environmental insurance policies. 961 So.2d at 1080. As we have previously held, “the legislature knows precisely how to prohibit the enforcement of forum selection clauses.” Taurus Stornoway Inv., LLC v. Kerley, 38 So.3d 840, 843 (Fla. 1st DCA 2010). None of the statutes cited by Appellee prohibit foreign forum selection clauses in environmental policies.
We also reject the trial court’s conclusion that the unreported and non-binding federal district court opinion in Seneca Insurance Company v. Henrietta Oil Company, No. 02 Civ. 3535(DC), 2003 WL 255317 (S.D.N.Y. Feb. 4, 2003), enunciates a strong public policy in New York to refuse to allow litigating this action in its courts. In Seneca, the federal district court concluded that it was unjust to allow a declaratory action dealing with a storage tank insurance policy to proceed in New York, as all of the significant contacts were with Texas, the insurance company was an admitted carrier doing business in Texas for over 25 years, the insured only did business in Texas, and dealt solely with a Texas brokerage company in obtaining the policy. Id. at *3. The Seneca court also found it significant that the policy’s application form, signed by the insured, did not contain the forum selection clause, and the policy was not received until weeks after it was issued; the court concluded that the insured, as a Texas business seeking insurance from a Texas insurance broker and paying its premiums to the Texas broker, could not have anticipated being hailed into court in New York. Id. The Seneca court also focused on the facts that all significant witnesses and evidence were in Texas. Id. Additionally, it held that “to the extent policy considerations are relevant, they strongly favor litigation in Texas as well.” Id. at *4.
, The facts of this case are distinguishable from Seneca. Appellee was aware that it was seeking a surplus line for an out-of-state carrier, and there is no evidence that Appellee was unaware of the policy’s foreign forum selection clause. Moreover, the Seneca court did not conclude that there was a strong public policy in New York to refuse to allow the litigation of such actions within the state, and there is no indication that New York would refuse to allow this litigation if this declaratory action is filed in its courts. As Appellee failed to establish a strong public policy prohibiting foreign forum selection clauses in environmental policies, the trial court erred in finding the policy unenforceable under this factor.
Finally, in finding that Appellant sought to transfer a local dispute to a foreign forum, the trial court focused on the connections of the case to Florida, including that the case involved Florida real property, the cleanup is directed by the Florida Department of Environmental Protection, and Appellee’s expert is in Florida. This, however, ignores that additional expense or mere inconvenience is not enough to invalidate a foreign forum selection clause. See Taurus Stornoway 38 So.3d at 840; see also Farmers Group, Inc. v. Madio & Co., Inc., 869 So.2d 581 (Fla. 4th DCA 2004). As concluded in Manrique, a party seeking to escape the foreign forum selection clause agreed to by contract must *825 “show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.” 493 So.2d at 440 n. 4 (quoting M/S Bremen, 407 U.S. at 18, 92 S.Ct. 1907). Here, Appellee failed to meet its burden in establishing that it would be deprived of its day in court if the matter proceeded in New York.

Conclusion

As Appellee has failed to show that the foreign forum selection clause at issue violates any of the Manrique factors, we hold that the trial court erred in finding that the enforcement of the clause was unreasonable or unjust. Accordingly, we REVERSE the trial court’s order denying Appellant’s motion to dismiss based on improper forum.
WETHERELL and RAY, JJ., concur.